## HISCOX *vs.* HENDREE.

[ASSUMPSIT ON PROMISSORY NOTE BY ENDORSEE AGAINST MAKER—POINTS OF PRACTICE CONCERNING EVIDENCE.]

1. *Provisions of Code affecting testimony do not apply to causes pending when it took effect.*—The effect of the exception contained in section 12 is, to exempt causes pending when the Code went into operation—to-wit, January 17, 1853—from the operation of its provisions affecting testimony ; therefore, in such a case, the transferror of the instrument sued on, though declared by section 2290 an incompetent witness for his transferree, may still be rendered competent by a release.

2. *When interested witness cannot prove his own release.*—If the interest of a witness appears on the face of the note in suit, and objection to his competency on that ground is made before filing cross-interrogatories, he is incompetent to prove his own release.

3. *Motion to admit or exclude evidence, of which part is legal and part illegal, may be either sustained or overruled.*—Plaintiff having offered a deposition in evidence defendant moved to exclude the answer to the third interrogatory, which

contained some legal and some illegal evidence; " and thereupon the court excluded all and every part of said evidence from the jury, and plaintiff excepted": *Held,* that the action of the court was not erroneous.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

ASSUMPSIT by William H. Hiscox against John Hendree, on two promissory notes, each for $325, dated January 1st, 1851, payable six and twelve months after date to the order of G. D. Hiscox, and by him endorsed to plaintiff. On the trial, after the plaintiff had read his notes in evidence, the defendant introduced evidence tending to show that said notes were given in part payment of a philosophical apparatus for which he had contracted with said G. D. Hiscox by letter at the price of $1300; that the balance of the purchase money was paid in cash; and that the apparatus was not worth more than the amount of said cash payment. The plaintiff then offered in evidence the deposition of said G. D. Hiscox, which had been taken on interrogatories and cross-interrogatories; and it appeared that the defendant, at the time of filing his cross-interrogatories, objected to the examination of the witness for plaintiff, on the ground that he was interested in the event of the suit, and gave written notice that he would move to suppress his deposition at the trial for this reason. The defendant now objected to the reading of the deposition on that ground; and the plaintiff thereupon offered to show that the witness was released from all liability upon said notes before he was sworn, and for this purpose read to the court the answer of the witness to the second interrogatory, in which he stated that he had been released by the plaintiff, and appended the release as an exhibit to his answer. "After the reading of said release to the court, the plaintiff again offered to read said testimony to the jury; which was objected to by the defendant; and the court excluded said testimony from the jury, and all and every part of it, and the plaintiff excepted.

" The plaintiff then offered to read the testimony of James R. Chilton, which testimony was taken on interrogatories in the city of New York." This witness, in answer to the third interrogatory, describes the apparatus sold by said G. D.

Hiscox to the defendant, and states what Hiscox told him was the price of it. "The defendant moved to exclude the answer of said witness to the third interrogatory ; and thereupon the court excluded all and every part of said testimony from the jury, and plaintiff excepted."

These two rulings of the court are now assigned for error.

WM. M. BYRD, for the appellant :

I. The deposition of Hiscox ought not to have been ruled out. This action was commenced before the Code went into operation, and therefore, by force of section 12, it is not affected by section 2290. The question of the competency of this witness, therefore, must be tested by the rules of the common law. In a suit by the endorsee of a promissory note against the maker, the payee and endorser was a competent witness to impeach the consideration, and he should therefore be competent to sustain it.—State Bank v. Seawell, 18 Ala. 616. But, admitting that, at common law, he was incompetent for this purpose by reason of interest; yet, in this case, he had been released, and this was sufficiently shown to have authorized the admission of his deposition, because,—

1. The defendant examined him as to the release, and is not allowed, after doing so, to object to his competency to prove it.

2. For the further reason, that the only evidence of the identity of the witness with the payee, was his own deposition ; and if he was competent to prove that fact, he was also competent to prove his release.

3. For the further reason, that the witness, being released as to one of the notes by the failure of the plaintiff to sue to the first court, was, to the extent of the amount of that note, competent to prove the consideration.

4. The original release was appended to the deposition, and certified by the commissioner. The plaintiff had the deposition of the witness regularly taken, and offered the release as his own act on the trial ; which was sufficient to estop him from afterwards denying it. These facts are sufficient to raise a legal presumption of the execution of the release before the taking of the deposition.—2 Story's R. 16, 42 ; 8

Term R. 303 ; 10 Johns. 381 ; 9 C. & P. 235 ; 8 Shep. 494 ; 13 Conn. 319 ; 1 Greenl. 536 ; 22 Ala. 269.

5. The defendant allowed the evidence of the witness as to the release, and also the release, to be read without objection ; and if these were sufficient to remove the objection to the competency of the witness, the deposition ought not to have been excluded.

6. All that is necessary to be done, in such a case, is to furnish the court with sufficient evidence to raise a legal presumption of the genuineness of the release ; and this was done. The court, therefore, should not have excluded the deposition.—1 Greenl. Ev. §§ 423, 425 ; Herndon v. Givens, 16 Ala. 261 ; Carlisle v. Russell, 1 C. & P. 234 ; *ib*. 197 ; Dent v. Portwood, 17 Ala. 242.

II. The court erred, also, in excluding "*all and every part of*" the testimony of Chilton—that is, not only the answer to the third interrogatory, but the entire deposition, and every part of it ; thereby, in effect, passing upon every part of it in advance, and anticipating any offer on the part of the plaintiff of a portion of it only. To have offered any portion of the deposition, after " every part" of it had been thus excluded, would have been a violation of the courtesy which is due from the bar to the court, if not a contempt of court. By failing to object to any other portion of the testimony, the defendant conceded its admissibility ; and therefore the court erred in excluding it.—Bartol v. Calvert, 21 Ala. 46. Many decisions of this court hold, that the court below ruled properly, in not sustaining an objection when a part of the evidence was admissible.—Rowland v. Ladiga, 21 Ala. 31 ; Litchfield v. Falconer, 2 *ib*. 280 ; Hatchett v. Gibson, 13 *ib*. 597 ; Melton v. Troutman, 15 *ib*. 535 ; Allen v. Smith, 22 *ib*. 416 ; Newton v. Jackson, 23 *ib*. 335. But no one of these cases decides, that it is a matter in the discretion of the court to exclude the whole or " every part" of the testimony. The dictum, therefore, in Gibson v. Hatchett & Bro., 24 Ala. 201, cannot be sustained. The true distinction seems to be this : If testimony is offered, of which a part only is admissible, and a general objection is made to its admission, the court may either overrule the objection, or it may sift the evidence and exclude the illegal part ; and this is within the discretion of

the court, and will not be reviewed on error. But, on the other hand, this rule certainly does not authorize the court to exclude "every part" of the testimony offered, when an objection is only made to an answer to one interrogatory.

WM. M. MURPHY, *contra*, contended, 1st, that the deposition of Hiscox was properly excluded under the authority of Dent v. Portwood, 17 Ala. 242; and, 2d, that the testimony of the witness Chilton was correctly suppressed, because a part of it was illegal, while the whole deposition was offered together.

CHILTON, C. J.—1. If the rules prescribed by the Code, as affecting the testimony in causes, are to be applied to cases which were pending before the 17th January, 1853, when the Code went into operation, then it is clear, that by section 2290, G. D. Hiscox, the transferror of the note sued on, is not a competent witness for the transferree, to sustain the cause of action; the matter in controversy exceeding three hundred dollars.—See section 2313.

But section 12 expressly declares, that "No action, or proceeding, commenced before the adoption of this Code, is affected by its provisions." When the action was brought, G. D. Hiscox, upon being released by the plaintiff, the transferree of the demand sued for, was a competent witness; and, to allow the provisions of the Code to disqualify him, might very seriously affect the plaintiff's right of recovery, nay, prevent his recovery. We think, the only safe rule by which to be governed, is, to make the exception contained in the 12th section of the Code general, and to hold that actions commenced before the adoption of the Code are to be governed by the old law, and those commenced since by the law as prescribed by the Code. Of course, this is confined to proceedings had in the court in reference to particular causes, and not to such as relate to the organization of the court for the trial of causes indiscriminately. This was the evident meaning of the legislature, and furnishes a plain and simple rule, easy of application, and one which cannot be well mistaken; whereas, to depart from it, and make portions of the Code apply to such proceedings, and exempt other portions,

Hiscox v. Hendree.

would lead to great confusion and embarrassment, as well as give rise to much litigation consequent upon the uncertainty which would be introduced.

2. It appears upon the face of the papers sued on, that G. D. Hiscox is the endorser, through whom the plaintiff derives his title, and he is *prima facie* an interested witness. When interrogatories were filed by the plaintiff to take his deposition, the defendant's counsel promptly objected to his examination, on the ground of his interest, and examined him on cross-interrogatories, subject to that objection ; and a notice was then filed that he should move to suppress the deposition, for that reason, on the hearing of the cause. The plaintiff then proceeded to propound a question to him, to prove his interest, and that he was released. The witness testified to his interest formerly ; but stated that the plaintiff had released him, and that he then had no interest. He produced what he called the release, which exempts him from all liability on two notes of three hundred and twenty-five dollars each, payable by J. Hendree, Selma, Ala., six and twelve months after date. The interest of the witness appearing, and being duly presented by the objection on the part of the counsel for the defendant, the witness was no more competent to disprove his interest, or to prove his release, than any other fact in the case. The case of Dent v. Portwood, 17 Ala. 242, shows very clearly that the court properly excluded the testimony.

3. As respects the testimony of James R. Chilton : It was taken by deposition, and the bill of exceptions says the plaintiff offered to read it to the jury. The defendant objected to the answer to the third interrogatory, a part of which is legal and a part illegal ; " thereupon the court excluded all and every part of said testimony from the jury." My brethren are of opinion, that the plaintiff must be regarded as offering the whole of Chilton's deposition, and a portion of it being illegal, the court might properly have rejected it as a whole, and thus have cast on the plaintiff the duty of sifting the proof, and separating the legal portions from the illegal ; and so they hold, that whether the exclusion of the court, as stated in the bill of exceptions, extended to the whole deposition, or only to the answer of the witness to the third interrogatory, which

also included some illegal testimony, it was proper, since the court, being justified in excluding the whole, cannot be put in error by the exclusion of a part. For my own part, I think the record shows that the court acted upon *the motion of the defendant*, which went to the answer to the third interrogatory, which motion raised no objection to other portions of the testimony; and as the deposition consisted of several distinct portions, I do not think it the correct practice for the court, upon an objection to an isolated portion, to group the whole and exclude the whole. As, however, this involves a mere matter of practice, I yield to the opinion of the majority.

Judgment affirmed.