## BROADNAX *vs.* SULLIVAN.

[ASSUMPSIT ON BREACH OF WARRANTY—OBJECTIONS TO DEPOSITION.]

1. *Re-taking deposition without order of court.*—When a deposition is re-taken by the same party without an order of court, it is discretionary with the court to reject it or to allow it to be read, and its admission is not revisable on error.

2. *Sufficiency of commissioner's certificate.*—A deposition will not be suppressed, on account of the commissioner's failure to show in his final certificate that the witness was sworn, when it is stated in the caption that he was " first cautioned and sworn to testify the truth, the whole truth, and nothing but the truth," &c. ; nor is it any objection to a deposition, which is not governed by the provisions of the Code, that the commissioner does not certify that the witness was known to him.

3. *Provisions of Code as to depositions inapplicable to causes pending when it took effect.*—The provisions of the Code, in reference to the mode of taking depositions, (§§ 2318–29,) do not apply to causes which were pending when it went into operation—to-wit, on the 17th January, 1853.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THIS action was commenced in September, 1852, and the trial was had in December, 1854. On the trial, as appears from the bill of exceptions, the plaintiff offered a deposition in evidence, " to which the defendant objected, because it was taken without an order of court, when the deposition of the same witness had been previously taken to testify to the same facts ; and on the further grounds, that the commissioner does not state in his certificate that the witness was duly sworn, nor that he had personal knowlege of the identity of the witness, nor was the identity of the witness made to appear in any other way." The court overruled each one of these objections, and allowed the deposition to be read ; and the defendant excepted. In the caption of this deposition the commissioner states, " and said witness having been by me first cautioned and sworn to testify the truth, the whole truth, and nothing but the truth, in answer to interrogatories propounded by counsel"; but his final certificate contains no similar statement. The admission of the deposition is now assigned as error.

JOHN ROLSTON, for appellant.

A. R. MANNING, *contra*.

WALKER, J.—When the deposition of a witness has been taken a second time, by the same party, in a suit at law, without an order of court, it is not error to allow the second deposition to be read in evidence by the party taking it, because its admission or rejection is discretionary with the court.—4 Ala. 509 ; 16 Ala. 581.

2. The omission of a commissioner to show, in the formal certificate, that the witness was sworn, is no ground for suppressing the deposition, when the commissioner shows, in the preamble to the deposition, that the witness was by him cautioned and sworn to speak the truth, the whole truth, and nothing but the truth, in answer to the interrogatories.

The statute found in the Code, in reference to the mode of taking depositions, does not apply to cases pending before its adoption, (Hiscox v. Hendree, 27 Ala. 216); and whatever may be the rule in cases to which the Code applies, it is no objection to a deposition in this case, which was commenced

in 1852, that the commissioner does not certify that the witness was known to him.

There is no error in the record, and the judgment of the court below is affirmed.