# Drew *v.* Simmons.

58  463
94  648|

*Action on Account.*

1. *Competency of witness ; to what beneficiary can not testify.*—Under section 3058 of the Code of 1876, which enlarges the exception contained in section 2704 of the Revised Code, a beneficiary in the suit, though not a party to the record, can not testify in his own interest, to any transaction with or statement by a deceased person, whose estate would be affected prejudicially by the evidence.

2. *Same; what interest incapacitates.*—A person contracting with the decedent is not a competent witness, to prove the contract, in his own behalf, in a suit against the personal representative; and it would be against the policy of the statute, and might lead to great abuse to hold that his competency was restored by the transfer of the claim to another.

APPEAL from the Circuit Court of Monroe.

The record of this case never having come to the hands of Reporter, the same is, unavoidably, reported without the name of the judge before whom the trial was had, and without a statement of the facts. To aid, therefore, in an understanding of the case, the counsels' briefs, found on file, are printed in full.

S. G. CUMMING, for appellant.—1. The questions of law in this case arise under section 2704 of the Revised Code, as amended by the act of March 2, 1875, (Acts 1874–5, p. 252.) The account sued on was made by the deceased, John Peebles, with the witness, John A. Simmons, as is alleged in the complaint. The witness, Simmons, as appears from the bill of exceptions, was the transferror of the account sued on. Being transferror, the case comes within the rule laid down in *Lewis, Adm'r, v. Easton,* 50 Ala. 470, "as to any transaction with or statement by" the deceased.—*Allison, Adm'r, v. Tally, Adm'r,* December term, 1877.

2. The account sued on was an account against the deceased, John Peebles, in favor of the witness, John A. Simmons, as appears from the account itself, which is set out in the record. Were the matters, as to which the witness, John A. Simmons, was permitted to testify, within the exceptions contained in the statute? The matters were these: 1st. As to when the deceased came to witness' house to board; 2d. When deceased left the house of witness; 3d. As to whether or not the account sued on had been paid. I insist that the first two questions are clearly within the

[Drew v. Simmons.]

exceptions in the statute. The deceased going to the house to board and his leaving there, were "transactions with the witness," within the meaning and spirit of the exceptions contained in the statute. This statute, section 2704 of the Revised Code, was a very great and wide invasion of the common law, and is to be strictly construed. The third question, "has the account ever been paid?" necessarily involved within it another question, viz: As to whether or not said account had ever been paid by any one, and that included the deceased? The question then was, in effect, whether or not the account had ever been paid by the deceased? The question then involves a transaction, or transactions, with the deceased, namely, the transaction of payment. Being thus really within the exception, the question should not have been asked the witness.—*Stuckey v. Bellah*, 41 Ala. 700; *Kirksey v. Kirksey*, 41 Ala. 627; *Lewis' Adm'r, v. Easton*, 50 Ala. 470; *Allison, Adm'r v. Tally*, December term, 1877. As each of the questions were illegal, each of the answers should have been excluded. The witness was incompetent at common law on the ground of public policy, and this incompetency was not removed by the statute.—*Clifton v. Sharpe*, 15 Ala. 618.

3. I insist that the decisions of this court, as they appear in the following cases, show that the court below erred in permitting the questions to be asked, and in permitting the answers going to the jury.—*Houston v. Prewett*, 8 Ala. 846; *Clifton v. Sharpe*, 15 Ala. 618; *Waldman v. Crommelin's Adm'r*, 46 Ala. 580; *Mayor, &c. v. Jones*, 42 Ala. 630; *Key v. Jones' Adm'r*, 52 Ala. 238, and cases before cited. This question is discussed in Wharton on Evidence, and the law held to be in my favor as I understand it.

C. J. TORREY, *contra.*—1. The witness, Simmons, was competent to testify as to any matter pertinent to the issue and not within the exception contained in the statute (section 3058 new Code).—*O'Neal v. Reynolds*, 42 Ala. 197; *Avery's Ex'rs v. Avery*, 49 Ala. 193; *Goldsbee's Adm'r v. Fordham*, 49 Ala. 202; *Bragg v. Clark*, 50 Ala. 363; *Miller v. Clay*, Head Notes, December term, 1876.

2. The objection to the question, "state when Peebles came to your house," and to the answer of the witness, were properly overruled. The witness, Parker, had just testified that decedent (Peebles) went to Simmons' house sometime in 1870, and left in October 1872, and the question to Simmons simply called for a date, not for any transaction with, or statement made by decedent. It was proven by another witness that deceased did go to the house of Sim-

mons sometime in 1870, and that he left in 1872, about October, and the statement by Simmons of the particular times in 1870 and 1872 that decedent came and left, can not be tortured into testimony of a transaction with the deceased. He did not say a word about any transaction; he did not testify that there was *any* contract for board, or about any contract at all—nor did he even say that deceased *boarded* with him—he simply gave a date, leaving it for the testimony of others to show those facts necessary to entitle the plaintiff to a judgment.—*Miller v. Clay, supra,* (Head Notes), December term, 1876.

3. And even if the court erred in this respect, so far as it appears from the bill of exceptions, it was error without injury. The bill does not purport to set out all the testimony, and every presumption is against the party appealing, and we submit that the court committed no error in overruling the objection.

4. The same argument applies to the objection to the other question to Simmons, viz: "State when he (deceased) went away?"

5. It is stated that, when a statute declares a general rule with an exception, the *exception* is to be more strictly construed than the statute itself.—*Bragg v. Clark,* 50 Ala., last part of p. 365. And the exception should not be stretched to cover cases not clearly within the prohibition.

6. The question, "Has that account been paid, *so far as you know?*" and the answer thereto, were properly admitted. The question and answer evidently had reference to any payments that might have been made by the administrator or other person, after the death of Peebles, and not to any transaction with or statement of deceased. The bill of exceptions and form of the question show this—besides, the answer destroys the idea of a transaction, and shows there was none for him to testify about, if it had reference to deceased. We submit that there is no error in the record.

STONE, J.—In *Allison v. Tully,* at the present term, we noticed the differences between section 2704 of the Revised Code, and section 3058 of the Code of 1876, and pointed out wherein the present statute enlarges the exception contained in the former one. We also quoted with approbation the decision in the case of *Key v. Jones,* 52 Ala. 238, in which it was said, "when the purpose of evidence is to diminish the rights of a decedent, or of those claiming in succession to him, by declarations or admissions made by him, or transactions had with him, in his life, no party in interest is a competent witness to prove such admissions, declarations, or

[Drew v. Simmons.]

transactions." So, in that case, and in the later case of *Allison v. Tally, supra,* we gave to the statute a construction, broader than its mere words; and held that a beneficiary in the suit, though not a party to the record, could not testify in his own interest, to any transaction with, or statement by a deceased person, whose estate would be affected prejudicially by the evidence. We further held, in the later case, that the policy of the exception was, to exclude the testimony of a living, interested witness, against a deceased person's estate, because no one should be heard to testify of a transaction with, or statement by another, who had, in the meantime died, and hence could not confront, and, perchance, contradict the evidence thus given against him or his estate.

In the present case, the witness was the person with whom the alleged contract was made. If he had sued, it is clear that he was incompetent to testify in his own favor as to any transaction with, or statement by defendant's intestate. To hold that a creditor thus circumstanced can, by a transfer of the claim to another, render himself competent to give evidence which he could not give in his own favor, would be a palpable perversion of the policy of the statute, and might lead to a most shocking abuse.

The testimony given, and objected to, would, if believed, have established a *prima facie* case for recovery of the value of intestate's board, sued for. And it is too clear for dispute, that the facts proved by each of them, related to a transaction with defendant's intestate. They raised an implied assumpsit or promise by Peebles, the deceased, to pay a *quantum meruit* therefor. The Circuit Court erred in admitting this evidence.

Reversed and remanded.