# Goodlett *v.* Kelly.

*Bill in Equity by Purchaser, for Specific Performance.*

1. *Competency of purchaser as witness, against heirs of deceased vendor.* In a suit for the specific performance of a contract, instituted by the purchaser against the heirs of the deceased vendor, the complainant can not testify as a witness in his own behalf (Code, § 3058), as to the terms of the contract between himself and the deceased vendor.

2. *Waiver of objection to such incompetency.*—The parties in adverse

| 74 | 213 |
| 94 | 336 |

| 74 | 213 |
| 104 | 229 |

| 74 | 213 |
| 108 | 616 |

| 74 | 213 |
| 113 | 579 |
| 115 | 458 |

| 74 | 213 |
| 124 | 201 |

| 74 | 213 |
| 130 | 453 |
| 130 | 591 |

[Goodlett v. Kelly.]

interest, in such case, may waive all objection to the competency of the plaintiff's testimony; but the objection is not waived by merely filing cross-interrogatories, after first objecting to his competency.

3. *Retroactive laws changing rules of evidence.*—Laws affecting the admissibility or competency of evidence, in civil cases, pertain only to the remedy; and there is no constitutional provision, State or Federal, which takes away or limits the discretionary power of the General Assembly, in enacting or changing such laws, to make them applicable to pending actions, or existing causes of action.

4. *Specific performance; when refused.*—A court of equity will not decree the specific performance of a contract, when the allegations of the bill are not established by clear and definite proof, or where the evidence is left in doubt and uncertainty.

5. *Testimony of deceased witness.*—The testimony of a witness since deceased, given on the trial of a former suit, is admissible as evidence in a subsequent suit between the same parties, or their privies, respecting the title to the same property.

6. *Proof of delivery of deed.*—The possession of a deed by the grantee, unexplained, or unrebutted, may be *prima facie* sufficient proof of its delivery; but, when the grantee is the widow of the grantor, and it is shown by her testimony, taken in another suit, in which the deed was offered in evidence, that she found it among her husband's papers after his death, it being then unattested, and the signature of the only attesting witness being afterwards affixed at her request,—this is not sufficient to establish the deed, as in favor of a subsequent purchaser, seeking to enforce it against her heirs.

7. *Dismissal of bill in vacation.*—A decree rendered in vacation, dismissing a bill on demurrer, or, perhaps, on motion to dismiss for want of equity, without affording the complainant an opportunity to amend, is erroneous; but this rule does not apply to a dismissal on final hearing on pleadings and proof, where the substantial defects of the proof can not be remedied by amendment.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on 30th September, 1879, by David C. Goodlett, against John W. Hansell and others, children and heirs of John H. Hansell and Carrie R. Hansell, both deceased, and against one Terence Kelly; and sought the specific execution of a contract for a sale or exchange of lots, alleged to have been made between the complainant and Mrs. Hansell, on or about the 29th June, 1873. At the time this contract was made, the complainant was in possession of a house and lot in Decatur, which he had bought from one H. M. Minor, having paid a part of the purchase-money, and received a bond conditioned to make title on payment of the balance due, which was about $500; and Mrs. Hansell was in possession of a house and lot in the town of Moulton, containing about eighteen or twenty acres, which she claimed under a deed from her said husband, then deceased, dated January 3d, 1867. This deed, a copy of which was made an exhibit to the bill, recited, as its consideration, "an indebtedness in a considerable sum, not ascertained, for the appropriation by me [grantor] of her separate property derived from her father," natural love and affection, and one

[Goodlett v. Kelly.]

dollar in hand paid; and it purported to be attested by J. S. Clark, as a subscribing witness. The terms of the contract for the exchange of the lots, as alleged in the bill, were these: "Orator agreed to give her, Mrs. Hansell, possession and control of all his title and interest in and to said Decatur lot, and to abandon and turn over to her all his right accruing under said contract of sale to him by said Minor, for and on account of the payment of the purchase-money of said lot, before that time by him made, which amounted to a considerable sum, to-wit, the sum of $778, or thereabouts; and Mrs. Hansell agreed to surrender to complainant possession of said Moulton lot, and to make and deliver to him a deed of conveyance of all her title, right and interest in said lot." The bill alleged, also, that the parties, on the consummation of this contract, respectively delivered and received possession of the lots agreed to be exchanged; that Mrs. Hansell continued in the peaceable possession of the Decatur lot, until, having failed to pay the balance of the purchase-money due to Minor, she abandoned the possession, or was compelled to surrender it to him; and that the complainant continued in the possession of the Moulton lot, until he was dispossessed, after the death of Mrs. Hansell, under a recovery in an action of ejectment brought against him by the children and heirs of said John H. and Carrie H. Hansell. In that action, the defendant (now complainant) relied on his deed from Mrs. Hansell, and her deed from her husband; and his defense failed on the proof as to the execution and delivery of said latter deed.—*Goodlett v. Hansell*, 56 Ala. 346. The present bill was filed more than two years after the decision of that case by this court; and in the meantime, in November, 1877, the Hansell children had sold and conveyed said Moulton lot to Terence Kelly, at the price of $600, Mrs. Hansell joining in the deed with her children.

The special chancellor, before whom the cause was first heard, sustained a demurrer to the bill for want of equity; but his decree was reversed by this court on appeal, and the cause was remanded.—*Goodlett v. Hansell*, 66 Ala. 151. After the remandment of the cause, Kelly filed an answer, asserting title under his purchase from the heirs of Hansell, Mrs. Hansell joining in the deed, as he alleged, for the purpose of conveying her dower interest in the land; and claiming that complainant's legal rights were decided adversely to him in the action at law, and that he (respondent) was entitled to protection as an innocent purchaser for value against the equitable rights asserted by the bill. The other defendants adopted the answer of Kelly. The complainant's deposition was taken in his own behalf, and he testified to the terms of the contract of exchange between himself and Mrs. Hansell, as alleged in the bill; but the chan-

[Goodlett v. Kelly.]

cellor sustained the defendant's objections to this evidence, and suppressed it. The complainant also took the deposition of D. D. Goodlett, his son, who testified, that he was present and heard the contract made for the exchange of lots, being then thirteen years old; and he stated that, by the terms of the contract as agreed on, Mrs. Hansell "was to take the Decatur lot for the Moulton lot, and pay Mr. Walden [Minor's agent] five hundred dollars difference." The cause being submitted for final hearing on pleadings and proof, the chancellor rendered a decree in vacation, dismissing the bill, but without prejudice; holding that, after the suppression of the complainant's own testimony, he had failed to establish his case, as there was a variance between the contract alleged in the bill and that proved by the testimony of D. D. Goodlett.

The complainant appeals from this decree, and here assigns as error, 1st, the rulings of the chancellor on the evidence; 2d, the dismissal of the bill in vacation, without giving him an opportunity to amend his bill; and, 3d, the final decree rendered.

Wm. Cooper, Thos. M. Peters, and J. Wheeler, for appellant.—(1.) The substantial merits of this case were decided in favor of the complainant on the former appeal (*Goodlett v. Hansell*, 66 Ala. 151), and it only remained for him to prove his case as alleged. The contract is proved, substantially as alleged, and is fair, just, and reasonable in all its parts; the complainant's only remedy is a specific performance of the contract, and he is entitled to it as matter of right.—*Gould v. Womack*, 2 Ala. 83; *Casey v. Holmes*, 10 Ala. 776; *Pratt v. Lyon*, 4 Porter, 314; *Pratt v. Lane*, 9 Cranch, 491; 1 Johns. Ch. 131; *Brewer v. Brewer & Logan*, 19 Ala. 481; 1 Story's Equity, § 759. (2.) Although Hansell's deed to his wife may not have been perfected by delivery, she had a perfect equity in and to the lands conveyed, and this she transferred to the complainant.—*Felder v. Harper*, 12 Ala. 612; *Kinnebrew v. Kinnebrew*, 35 Ala. 628; *Wilson v. Sheppard*, 28 Ala. 623; *Marks v. Cowles*, 53 Ala. 499; *Davidson v. Lanier*, 51 Ala. 318; *Copeland v. Kehoe*, 57 Ala. 246; *Northington v. Faber*, 52 Ala. 47. (3.) Kelly was a purchaser with full notice, actual and constructive, of the complainant's rights and equities, and he occupies no better or higher position than his vendors. *Horton v. Sledge*, 29 Ala. 478; *Gunn v. Brantly*, 21 Ala. 646; *Goodwin v. Lyon*, 4 Porter, 316; *Collins v. Whigham*, 58 Ala. 834; 3 Bland, 453; 1 Story's Equity, §§ 396–7; Sugden on Vendors, ch. 11, § 5; 2 Hill's Ch. 426; 5 Howard, 279. (4.) The complainant was a competent witness to testify to the terms of the contract between himself and Mrs. Hansell. Her estate

[Goodlett v. Kelly.]

was not interested, and her administrator was not a party to the suit. Kelly claims through the heirs of John H. Hansell, who claim through their father; and he alleges, in his answer, that Mrs. Hansell had only a dower interest in the lands.—Gresley's Ev. 236–38; *McGehee v. Lehman, Durr & Co.*, 66 Ala. 316; *Toney v. Moore*, 4 St. & P. 347; *McCurry v. Hooper*, 12 Ala. 823; 17 Howard, 239, 274; 21 Ala. 504. The Hansell children have conveyed their interest in the land, but without covenants of warranty, to Kelly, who is the only defendant really interested; and they can neither be benefited nor injured by the result of this suit, nor can the estate of their mother be affected in any way. (5.) The complainant was certainly a competent witness, as to these matters, when the cause of action accrued; and if the present statute renders him incompetent (Code, § 3058), its provisions can not be applied to this case. The means of enforcing a contract are a part of the contract itself, or pertain to the rights springing out of it; and the evidence competent or necessary to establish it when made are an essential part of the means to enforce it, which the legislature can not destroy or impair.— *VanHoffman v. Quincy*, 4 Wallace, 535; *Bronson v. Kinzie*, 1 Howard, 311; *Steamboat Farmer v. McCraw*, 31 Ala. 659. (6.) The objection to the complainant's competency was waived by filing cross-interrogatories, which called for new matter beyond and outside of the direct interrogatories; and having made him their witness as to these matters, the defendants can not exclude or suppress the testimony.—Gresley's Ev. 61; 1 Phil. Ev. 436–7; 1 Stark. Ev. 34; *Woodcock v. Bennett*, 1 Cowen, 742; 1 John. Ch. 62; 10 John. 542; *Field v. Holland*, 6 Cranch, 24. (7.) The complainant's case is established, substantially as alleged, by the testimony of D. D. Goodlett, without the aid of the complainant's own testimony. That there is no material variance between the testimony of this witness and the allegations of the bill, as to the terms of the contract, see *Harrison v. Weaver*, 2 Porter, 542; *Hair v. Little*, 28 Ala. 236; *Montgomery v. Givhan*, 24 Ala. 568; *Lanier v. Hill*, 25 Ala. 554; *Locke v. Palmer*, 26 Ala. 312. (8.) If there was such a variance, then the bill ought not to have been dismissed in vacation, without giving the complainant an opportunity to amend.—*Bishop v. Wood*, 59 Ala. 253; *Kingsbury v. Milner*, 69 Ala. 502.

W. P. CHITWOOD, and H. A. SHARPE, *contra.*—(1.) As to the terms of the contract between himself and Mrs. Hansell, the complainant was not a competent witness in this suit, being disqualified by the express provisions of the statute.—Code, § 3058; *Ala. Gold Life Ins. Co. v. Sledge*, 62 Ala. 568; *Waldman v. Crommelin*, 46 Ala. 580; *Stuckey v. Bellah*,

[Goodlett v. Kelly.]

41 Ala. 705; *Lewis v. Easton*, 50 Ala. 471; *Boykin v. Smith*, 65 Ala. 299; *McCrary v. Rash*, 60 Ala. 374; *Keel v. Larkin*, 72 Ala. 493. (2.) So far as affects this case, the new statute and the old are substantially the same; and if there be any material difference, the legislature had the power to make, as it has made, the new law operative on existing causes of action. Cooley's Const. Lim. 208. (3.) Leaving the complainant's own testimony out of consideration, his case fails on the proof, the other evidence leaving it in great doubt and uncertainty. *Aday v. Echols*, 18 Ala. 353; *Goodwin v. Lyon*, 4 Porter, 297; *Danforth v. Laney*, 28 Ala. 274; *Blackwilder v. Loveless*, 21 Ala. 371; 1 Brick. Dig. 692, § 768. (4) The complainant's case failing on the proof, the most he could ask was a dismissal of his bill without prejudice, which the chancellor granted. *Carver v. Eads*, 65 Ala. 190.

SOMERVILLE, J.—The complainant, Goodlett, is clearly not a competent witness, in the present suit, as to the trade or exchange of lands alleged to have taken place between himself and Mrs. Hansell during her life-time. He is excluded by the provisions of section 3058 of the Code of 1876, as it has been repeatedly construed by the past decisions of this court. This land trade, for the specific performance of which the bill is filed, was a *transaction* with the deceased, involving many *statements* made by her as to its terms and conditions. If the suit were one directly against the estate of Mrs. Hansell, the complainant's testimony would be excluded by the very letter of the statute.—Code, § 3058. It would be prejudicial to the rights of the decedent, whose estate might be liable to diminution by reason of it.—*Ala Gold Life Ins. Co. v. Sledge*, 62 Ala. 566. The statute has been uniformly construed to embrace many cases, within its spirit and purpose, which do not fall within its letter. *Beneficiaries*, who are not directly parties of record, have been held to be excluded for incompetency.—*Drew v. Simmons*, 58 Ala. 463; *McCrary v. Rash*, 60 Ala. 374; *Keel v. Larkin*, 72 Ala. 493. In a suit by a transferree, the *transferror*, though not a party to the action, has been excluded.—*Lewis' Adm'r v. Easton*, 50 Ala. 470. And, generally, the statute is construed to protect. not only the estate of a decedent, where the purpose or result of the evidence would be to diminish it, but also the *rights of heirs, or others, who claim in succession under the decedent.*—*Boykin v. Smith*, 65 Ala. 294; *Key v. Jones*, 52 Ala. 238.

2. It is very true, as insisted, that the defendants, or adversary parties, had a right to waive the objection to the complainant's testimony based on his incompetency, the statute being for the protection of estates, and those claiming in suc-

cession or privity.—*Dudley v. Steele*, 71 Ala. 423. But the mere cross-examination of the complainant, coupled with a timely objection to his competency previously interposed, would not constitute such a waiver. The uniform practice is to first object to the competency of the witness, either in whole or part, and then proceed to cross-examine. Any other course would lead to intolerable delays in the administration of justice.

3. It is argued by appellant's counsel, that in as much as the complainant was a competent witness to establish his title, under the statute existing at the time of his alleged contract in 1873, under the provisions of section 2704 of the Revised Code of 1867, the General Assembly had no constitutional power to deprive him of the right by changing the rule of evidence, as was done by the act of March 2, 1875, now embodied in section 3058 of the present Code, which we have attempted to construe above. Without committing ourselves to the view, that there is any material difference in the meaning of the two statutes, so far as concerns the question under discussion, it is manifest that the argument is without force. While retroactive *criminal* legislation is prohibited by both the Federal and State constitutions, under the designation of *ex-post-facto* laws, and therefore, any change in the laws of evidence, rendering a criminal conviction more easy than it was when the crime was committed, would be offensive to constitutional provisions; the rule is otherwise as to changes in the rules of evidence in *civil* cases. These pertain to the remedy, and form no part of the obligation of an existing contract. It is a plain proposition, free from all doubt, that no one possesses a vested right to existing rules of evidence, in civil causes of action, and the law-making power are at liberty to change them, from time to time, within the broad latitude of their sound discretion.—Cooley's Const. Lim. 208 ; Sedgw. Const. & St. Law, 689, 691.

4. We have examined the testimony of the various witnesses in this case, with great care ; and there is much in the record which strongly inclines us against reversing the decree of the chancellor, refusing specific performance of the contract sought to be enforced by complainant. Leaving out of view the vast deal of illegal evidence, which the chancellor has properly refused to consider, there is one point upon which we prefer to place our affirmance of his decree. We are not satisfied from the evidence that Mrs. Hansell, through whom the complainant claims title, had any interest, legal or equitable, in the " Moulton lot," the conveyance of which by the defendants is sought to be compelled by specific performance in this suit. The rule prevails, that if the allegations of the bill are not established by clear and definite proof, or if the evidence is left in doubt and uncertainty, the court will refuse to decree specific per-

formance.—*Aday v. Echols*, 18 Ala. 353; *Ellis v. Burden*, 1 Ala. 458.

5–6. In our judgment, it is left in great uncertainty and doubt, whether or not the deed, under which Mrs. Hansell claimed this property by conveyance from her husband, bearing date the 3d day of January, 1867, *was ever delivered to her by him*, so as to operate as a deed. The only attesting witness to the instrument was James S. Clark, who testifies that his own signature, or attest, was placed to it after the death of the grantor, and on the request of the grantee. Neither he, nor any other person, proves its delivery. The only evidence of such delivery consists in its possession by Mrs. Hansell, who is shown to have claimed the property under it. This, if unrebutted, might *prima facie* be sufficient. It is sought to overcome this presumption of delivery by introducing the testimony of Mrs. Hansell herself, given during her life, in a certain suit at law involving the title to this same property, in which the present defendants, excepting alone Kelly, were plaintiffs, and David C. Goodlett, the present complainant, was defendant in ejectment. Mrs. Hansell, being now deceased, her testimony in the former suit is admissible in the present suit, without any question. The subject of controversy in the two suits is the same, involving the title to the same tract of realty, and the parties are the same, excepting only one, who claims title through privity with the plaintiffs in the former suit. This brings the case within the rule.—*Long v. Davis*, 18 Ala. 801; *Clealand v. Huey*, *Ib.* 343; 1 Greenl. Ev. 163; 2 Best Ev. § 496; *Marler v. The State*, 67 Ala. 55. There is some controversy, as to what Mrs. Hansell swore on the former trial, as to how she came in possession of the deed; but the evidence on the subject is not conflicting, or irreconcilable. We feel no hesitation in believing that her statement was, that she found the deed among the papers of her husband, *after his decease*. This seems probable in view of the imperfection of the instrument for want of acknowledgment by the grantor, or attestation by any witness. The husband of the alleged grantee, being a lawyer by profession, would not probably be ignorant of this plain requisite to the validity of a deed, which is a matter of common learning, and would not, therefore, have been likely to deliver it in its imperfect state. If the deed in controversy was never delivered by Hansell to his wife, she, of course, acquired no title to the property, and could herself confer none.

In this view of the case, there is a fatal defect in the proof, and a consequent variance between *allegata* and *probata*, which do not correspond. The complainant has failed to establish a necessary averment of his bill, without which he must also necessarily fail to recover.

There are other grounds, perhaps, upon which we might safely place our affirmance of the chancellor's decree, but these we do not propose to consider.

7. It is suggested that the decree is erroneous, because the dismissal of the bill was in *vacation*, and not in term time. This would be true, if the judgment of the court had been on demurrer to the bill (or, perhaps, on motion to dismiss the bill for want of equity), as in the cases of *Kingsbury v. Milner*, 69 Ala. 502, and other cases in which we have followed that ruling. But no amendment of the pleadings can supplement the failure of the proof, and the case is not one whose defects can be cured by amendment.

Affirmed.

. 74　221|
119　345|

