# McDonald *v.* Jacobs.

## *Final Settlement of Accounts of Deceased Administrator.*

1. *Transactions with, or statements by decedent; who may testify as to.* — On the final settlement of the accounts of a deceased administrator, between his personal representative and the administrator *de bonis non*, an heir or distributee of the intestate's estate, being presumptively interested in the result of the proceeding, is incompetent to testify as to any transaction with, or statement by the deceased administrator, in connection with the assets of the estate (Code, § 3058), unless called to testify by the opposite party.

2. *Conflict between judgment-entry and bill of exceptions.* — As to matters of which the bill of exceptions should properly speak — *e. g.*, the ruling of the court on a motion to exclude evidence — its recitals must control the contradictory recitals of the judgment-entry.

3. *Re-taking deposition, without order of court.* — When a deposition is re-taken by the same party, without an order of court allowing it, a motion to suppress it, on that ground, is addressed to the discretion of the court, and its refusal is not revisable on error.

4. *Affidavit for deposition; sufficiency in identifying cause.* — When an affidavit, made by the attorney of H. J. as administrator of S. J., deceased, for taking a deposition, describes the cause as "a cause now pending in said Probate Court, in the matter of the final settlement of the estate of S. J., deceased;" this is sufficient to identify it as a proceeding, then pending in said court, for the final settlement of the accounts of J. M., deceased, as administrator of said S. J.'s estate, between his personal representative and said H. J. as administrator *de bonis non*; especially in the absence of proof of any other cause or proceeding, then pending in said court, with which it might be confounded.

5. *To what witness may testify.* — A witness can not be asked, nor can he be allowed to state, his "reasons for believing" any fact.

6. *Proof of inventory and report of sale by administrator.* — An inventory or report of sales, made by an administrator, though *prima facie* sufficient to charge him, is not conclusive against him; and the parties in adverse interest, seeking to charge him or his estate, may prove the facts without reference to the inventory or report.

APPEAL from the Probate Court of Marshall.

Tried before the Hon. THOS. A. STREET.

In the matter of the final settlement of the accounts and vouchers of James H. Moore, deceased, as administrator of the

estate of Simon Jacobs, deceased ; between A. J. McDonald, as the administrator of said Moore's estate, and Henry G. Jacobs, as administrator *de bonis non* of said Simon's estate.   During the progress of the trial, or hearing, as the bill of exceptions states, said H. G. Jacobs offered one Charles Jacobs as a witness, who was a son of said Simon Jacobs ; and to whose competency, "as to any thing that was done by said James H. Moore at the sale of the personal property of said estate, or what said Moore said, or what property he received from the home place of said Simon Jacobs," Moore's administrator objected, " because of interest, and because of incompetency under section 3058 of the Code."   The court overruled the objection, and allowed the witness to testify ; to which ruling Moore's administrator excepted.   The same objection was made to the competency and testimony of said H. G. Jacobs as a witness for himself, and an exception was duly reserved to the overruling of the objection.

Before entering on the trial, Moore's administrator moved the court to suppress the deposition of James Bush, which had been taken on interrogatories and cross-interrogatories ; the principal grounds of the motion being, that the deposition had been before taken in the cause, and the former deposition had not been suppressed, nor an order made for taking it a second time ; and that the affidavit did not sufficiently identify the cause.   The affidavit was made by one of the " attorneys of said H. G. Jacobs, as administrator *de bonis non* of the estate of Simon Jacobs, deceased," and stated that said Bush "is a material witness for contestant, in a cause now pending in the Probate Court of said county, in the matter of the final settlement of the estate of Simon Jacobs, deceased."   The court overruled the motion to suppress, and an exception was duly reserved by Moore's administrator.

Moore's administrator also moved to suppress the answers of this witness to "the 3d, 4th, 12th, 27th–29th, 34th, and 35th direct interrogatories," to which objections were duly interposed at the time of filing cross-interrogatories.   These interrogatories all related to the sale of property belonging to the estate of said Simon Jacobs, made by said Moore as administrator, and were intended to show the amount and value of the property that went into the hands of said Moore ; as shown by the following : (3.) "Were you, or not, familiar with the property of said Jacobs' estate at that time." (4.) " Who was the administrator of the estate ?"   (12.) "Were you present at the sale ?"   (13.) " Give your estimate of the amount of property sold."   (29.) "Give your reasons for believing that money went into the hands of the administrator." The answer to the 29th interrogatory was :  "I have no reason

or knowledge of my own that he had any money, only rumors were that he had plenty." The objection specified to the 29th interrogatory was, that it called "for illegal evidence, being matter of belief, or reasons for a ·belief, and mere hearsay;" and to the others, principally, that they called for "secondary evidence as to matters of which there is higher and better evidence." The court overruled these several objections, and Moore's administrator duly reserved exceptions.

All the rulings to which exceptions were thus reserved, with other matters which it is unnecessary to notice, are now assigned as error.

HAMILL & LUSK, for appellant.

WINSTON & JONES, *contra.*

SOMERVILLE, J.—The witnesses, Charles Jacobs and Henry Jacobs, were both interested, presumptively, in the result of the present proceeding before the probate judge, as heirs of Simon Jacobs, deceased. They were incompetent, therefore, to testify as to any transaction with, or statement by the decedent, Moore, whose administrator was one of the parties to this proceeding, and whose estate was interested in the result of it. We have uniformly construed section 3058 of the Code (1876), to embrace within its scope mere *beneficiaries*, who are not parties to the record, but who claim as heirs, legatees, or otherwise, in succession under a decedent, whose personal representative is a party to the suit or proceedings under review, unless such persons are called to testify as witnesses by the opposite party.—*Goodlett v. Kelly*, 74 Ala. 213 ; *Keel v. Larkin*, 72 Ala. 493 ; *Drew v. Simmons*, 58 Ala. 463 ; *McCrary v. Rash*, 60 Ala. 374 ; *Binford v. Dement*, 72 Ala. 491 ; *Dudley v. Steele*, 71 Ala. 423. The court erred in refusing to sustain the objection taken by appellant to the competency of each of these witnesses.

The judgment-entry of the court, it may be proper to notice, recites that the motion to exclude these two witnesses was sustained ; but this is in conflict with the bill of exceptions, and the rule is settled, that as to matters of which the bill ought to speak, its statements predominate over the recitals of the judgment.—*Hurst v. Bell*, 72 Ala. 336 ; 1 Brick. Dig. 252, § 139 ; *Reynolds v. The State*, 68 Ala. 502.

The action of the court in refusing to suppress the deposition of the witness Bush was free from error ; the whole question being one within the discretion of the court, so far as it was affected by the fact that a previous deposition of the same witness had already been taken. Where a deposition is retaken

[McDonald v. Jacobs.]

by the same party, without an order of court allowing it to be done, its admission or rejection is discretionary with the judge, and, like the action of the trial court in permitting a witness to be recalled, is not revisable on appeal.—*Broadnax v. Sullivan*, 29 Ala. 320; *Herbert v. Hanrick*, 16 Ala. 581; *Hester v. Lumpkin*, 4 Ala. 509; Weeks on Depositions, § 535.

The affidavit made for the taking of this deposition was sufficiently certain to identify the cause in which it purported to be taken, describing it as "a cause now pending in the Probate Court, in the matter of the final settlement of the estate of Simon Jacobs, deceased;" and designating the affiant as an attorney for Henry G. Jacobs, administrator *de bonis non* of said estate, who is one of the parties to this cause. No other cause, moreover, is shown to have been pending in the court, with which this could be confounded, so that no latent ambiguity is shown to exist in the subject of reference.

The objections urged to the various interrogatories and answers in the deposition of Bush were properly overruled, except the one numbered 29. This called for the witness' "*reason for believing*" a certain fact, and the answer given was equally irrelevant. It is true that the decedent, being himself an administrator, may probably have made out an inventory of the personal property which went into his hands for administration; and this would be sufficient, *prima facie*, to charge him on settlement, for all articles enumerated in it. But it is not conclusive, even as against him, much less against others, who are interested. The same is true of an administrator's report of sale made to the Probate Court. He is always permitted to show errors and mistakes in such documents. These papers can not be regarded as binding, in any manner, upon one who, as contestant, seeks to charge an administrator upon settlement for property shown to have gone into his hands and belonging to the estate. Such contestant may prove the facts, without any reference to such inventory or report; and these papers can not, therefore, be said to be the best evidence of such facts. The matter sought to be proved may amount to a falsification of the papers.

The judgment must be reversed, for the error above adverted to; and we do not consider the other assignments of error, as the points raised are not likely to arise upon another trial.

Reversed and remanded.