# Hill v. The State.

## Shooting Into Train.

(Decided June 17, 1909. 40 South. 41.)

1. *Witnesses; Cross Examination.*—A witness having testified that he was scuffling with another than the defendant to prevent such other from shooting into the train that defendant was being prosecuted for firing into, may not be asked on cross examination, what reason he had for thinking that such other person was going to shoot into the train, since the same was immaterial, and without the legitimate field of cross examination.

2. *Charge of Court;—Argument of Counsel.*—Charges asked for the purpose of refuting argument of counsel, or to avoid the effect of such argument are properly refused. The remedy is to object to the argument when uttered.

3. *Same; Reasonable Doubt.*—A request predicating an acquittal upon the mere belief of a jury of a reasonable doubt, is unintelligible and properly refused.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Jim Hill was convicted of maliciously shooting into a railroad car in which were human beings, and he appeals. Affirmed.

[Hill v. The State.]

The evidence tended to show that on Sunday evening a special passenger train on the A. & B. A. L. Railway, consisting of an engine and two coaches, in which were about a dozen people, was fired into near Tredegar, in Calhoun county, Ala.; that several shots were fired, and one of the balls entered the rear coach and lodged in a wooden partition in the car. Evidence further tended to show that Ben McCall, John Heath, and several other boys, including this defendant, were near the track when the train passed, and that, while they heard no shots fired and saw no one shoot, just after the train passed the defendant came to where they were, and was in the act of loading his pistol, saying that he had taken good aim at an old fellow's head.

The charge refused to the defendant was as follows: "If you believe, after the consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you must give the defendant the benefit of such doubt, and find him not guilty." During the closing argument to the jury the solicitor said: "If the defendnat did not shoot into the train, why doesn't he produce a witness who was present to prove that he didn't do it." No objection was made to this argument, and at its conclusion the following charge was requested: "The jury is not authorized to draw any adverse inferences against the defendant because of the absence of any alleged witness."

T. C. SENSABAUGH, for appellant.—Counsel discuss assignment of errors, but without citation of authority.

ALEXANDER M. GARBER, Attorney General, for the State.—Charge 4 was attempt to answer an argument. —*Carter v. The State,* 107 Ala. 147. The Attorney General discusses the other assignments, but without citation of authority.

[Hill v. The State.]

.McCLELLAN, J.—The conviction was for wantonly or maliciously shooting into a railroad car in which there were human beings, as condemned by Code 1896, § 5360. There was abundant evidence, which, if credited by the jury, would support the verdict rendered.

John Heath testified that he was scuffling with one Moore over a pistol in an effort to prevent Moore from shooting into the same train into which appellant was charged to have shot. On the cross examination the defendant's counsel propounded this question to the witness: "What reason did you have for thinking Will Tom Moore was going to shoot at the train?" The solicitor's objection was properly sustained by the court. Whatever the witness' reason, it was entirely immaterial, and was without the proper field of cross-examination. Whether his reason for his act was a good or bad one, it could not be inquired into for a legitimate purpose on the trial of this defendant.—Jones on Ev. (2d Ed.) § 137; *McDonald v. Jacobs,* 77 Ala. 524.

Charge 3, refused to defendant, was properly so treated, because it predicated acquittal upon a mere belief by the jury that they had a reasonable doubt of defendant's guilt. It is a reasonable doubt, and not the mere belief that such a doubt appears, that requires the acquittal of a defendant on a criminal charge.

However improper and erroneous may be the argument of counsel to the jury on a trial, the complaining party cannot require the court to aid him in avoiding its effect by the giving of special charges refuting or otherwise answering the argument. The remedy is to object to the argument at the time it is uttered.

There is no error in the record, and the judgment is affirmed.

Affirmed.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.