GILMAN LINSEED OIL COMPANY, Appellee, v. NORTON & WORTHINGTON *et al.*, Appellants.

1. **Sales:** BY AGENT OF PROPERTY BELONGING TO PRINCIPAL: TITLE OF VENDEE. The plaintiffs advanced money to L. & Co., with which to purchase flax seed for the purpose of loaning it to farmers, with a view to procuring the product of the seeding, under an agreement that all seed purchased should become the sole and absolute property of the plaintiff, and that L. & Co. should have no interest therein nor lien thereon, save for money actually advanced, and that so long as it remained in the hands of L. & Co. they should hold it only as agents of the plaintiff. L. & Co. having purchased seed with money thus advanced by the plaintiff, and sold the same to the defendants, *held*, that, although L. & Co. were, under said agreement, obliged to guarantee the weight of the seed at the point where it was to be received by the plaintiff, and were responsible for damages resulting from shipments of unmerchantable seed, the money advanced was not in the nature of an extension of credit, nor was the transaction a

conditional sale, but that the seed purchased belonged to the plaintiff, and that L. & Co., by selling it as their own, could not give the defendants title thereto, although at the time of said sale the bins of L. & Co. were filled, and they were obliged to ship the seed in question away for want of room.

2. ——: ——: ESTOPPEL. Although the possession and control of personal property be given to an agent, who is engaged in the business of buying and selling property of like character, yet the agent in fact have no authority to sell, the principal will not be estopped from claiming his property as against an innocent purchaser without notice, to whom the property was sold without authority, and without the knowledge of the principal.

3. ——: ——: ——. The fact that the plaintiffs, after receiving information of the sale to the defendants, attempted to procure a settlement with L. &. Co. for the value of the seed sold, and made no demand of the defendants therefor until after the commencement of this action, *held*, not to estop them from asserting their claim against the defendants for the value of the property.

*Appeal from Lyon District Court.*—HON. SCOTT M. LADD, Judge.

TUESDAY, OCTOBER 17, 1893.

ACTION at law to recover the value of a quantity of flax seed alleged to have been wrongfully converted by the defendants to their own use. There was a trial by the court without a jury, and a judgment for the plaintiff. The defendants appeal.—*Affirmed.*

*H. G. McMillan, J. M. Flower* and *T. M. Stuart,* for appellants.

This agreement is one wherein the transfer of title or ownership of personal property is made to depend upon a condition. This being so, the Gilman Company can claim no rights against defendants herein, where it is conceded that they received this flax seed without any notice, actual or constructive, of the rights of the plaintiff. Section 3093, McClain's Code; *Moline Plow Company v. Braden,* 71 Iowa, 141; *Singer Sewing Machine Company v. Halcomb,* 40 Iowa, 33;

*Taylor v. B., C. R. & N. R'y Co.*, 4 Dillon, 570. The plaintiff is conclusively estopped from claiming any rights in the flax seed as against defendants. Bigelow on Estoppel [5 Ed.], 560. Where there is evidence of acts of ownership, an instruction that possession of property is *prima facie* evidence of title, and, coupled with acts of ownership, is conclusive as to creditors, without notice, extending credit on·such ownership, is proper. *Towne v. Sparks*, 36 N. W. Rep. (Neb.) 375. The rights of third parties do not depend upon the actual title or authority of the party with whom they deal directly, but are derived from the act of the real owner, which precludes him from disputing, as against them, the existence of the title or power which, through negligence or mistaken confidence, he caused or allowed to appear to be vested in the party making the conveyance. *Cowdrey v. Vandenburg*, 101 U. S. 572; *Sessions v. Rice*, 70 Iowa, 306; *Walker et al. v. Grand Rapids Flouring Mill Co.*, 35 N. W. Rep. 332; *Preston v. Wetherspoon*, 109 Ind. 457; 58 Am. Rep. 417; *Saltus v. Everet*, 20 Wend. 267; 32 Am. Dec. 541; *Rosser v. Darden*, 14 Am. St. Rep. 152; *Williams v. Merle*, 25 Am. Dec. 15; *Thompson v. Blanchard*, 4 N. Y. 303; *De Meyer v. Souser*, 6 Wend. 436; *Barnard v. Campbell*, 55 N. Y. 456; *Fluman v. McKean*, 25 Barb. 474; *Ludden v. Hayzen*, 31 Barb. 650; *Gass v. Hampton*, 16 Nev. 185; *Wright v. The Dickey Co.*, 83 Iowa, 464. The plaintiff is now surely estopped on account of its conduct subsequent to the sale of the flax seed to the defendants. It was their duty to notify defendants at once when they discovered that this grain had been sold by Lamar & Co., but the testimony shows that it never ·notified Norton & Worthington at all, and that as a matter of fact defendants did not know that plaintiff was the owner of this flax seed, or claimed any right or interest therein, until this suit was brought, which was more than a year after the transaction in

question. "He who remains in silence when in conscience he ought to speak, will be debarred from speaking when in conscience he ought to remain silent." *Minnesota Linseed Oil Co. v. Montague*, 21 N. W. Rep. 135; *Griffith v. Wright*, 6 Col. 248; *Greene v. Smith*, 57 Vt. 268; *Pence v. Arbuckle*, 22 Minn. 417; *Hardy v. Chesapeake, Bank*, 51 Md. 562; *Horn v. Cole*, 51 N. H. 227; *Kingman v. Graham*, 51 Wis. 232; *Brant v. Virginia Coal Co.*, 93 U. S. 326. It has been held that "silence in not repudiating the unauthorized act of an agent, when such act is brought home to the knowledge of the principal, amounts to a ratification on the part of the principal." *Torry v. North Chicago City R'y Co.*, 32 Fed. Rep. 270; *Alexander v. Jones*, 64 Iowa, 207; *Hayes v. Steele*, 32 Iowa, 44; *Farrell v. Howard*, 26 Iowa, 381; *Burlington Co. v. Greene*, 22 Iowa, 508; *McClure v. Evertson*, 14 Lea (Tenn.), 495; *Beall v. January*, 60 Mo. 434; *Shinn v. Hicks*, 4 S. W. Rep. 486; 1 Am. and Eng. Encyclopedia of Law, 439. Ratification of an unauthorized act of an agent may be presumed from the acquiescence of the principal after notice. *Quinn v. Dresback*, 79 Cal. 159; 7 Am. St. Rep. 138; *Central Railway Co. v. Cheatham*, 85 Ala. 292; 7 Am. St. Rep. 48; *Hurley v. Watson*, 68 Mich. 532; *Reese v. Medlock*, 27 Tex. 120; 84 Am. Dec. 634; *Tier v. Thompson*, 35 Vt. 179; 82 Am. Dec. 634; *Ward v. Williams*, 26 Ill. 447; 79 Am. Dec. 385. It has been held that "acts of a principal will be liberally construed in favor of a ratification." *Szymanki v. Plassen*, 20 La. 90; 96 Am. Dec. 382. If the plaintiff did not approve of the sale made by Lamar & Co. to Norton & Worthington of the flax seed in question, it was their duty to repudiate such a sale within a reasonable time after the notice of its existence. *Hoosac Mining & Milling Co. v. Donat*, 10 Col. 529. The rule has been laid down that "in some instances very slight evidence of ratification is sufficient to bind the princi-

pal." *Loraine v. Coutright*, 3 Wash. 151; *Richmond Mfg. Co. v. Starks*, 11 Mason, 296; *Bank of Columbia v. Patterson*, 7 Cranch, 299; *Rogers v. Kneeland*, 13 Wend. 114; *Blakely v. Graham*, 111 Mass. 8; Mechem on Agency, p. 152; *United States in Townsend v. Chappelle*, 79 U. S. 681; 2 Wade on Notice [2 Ed.], p. 376.

*J. H. Parson* and *E. Y. Greenleaf*, for appellee.

Under the contract the flax seed belonged to plaintiff. *VanSandt v. Dows*, 63 Iowa, 594. The defendants converted the flax seed and are liable. *Brown v. Campbell*, 24 Pac. Rep. 492. The ownership did not depend upon any condition. The contract made the title at all times vest in the plaintiff, and at no time was it vested in Lamar & Co. The title depended upon no condition. It was purchased with the plaintiff's money, and was at all times the plaintiff's property. Lamar & Co. were special agents to buy flax seed for the plaintiffs, but had no authority whatever to sell, and hence defendants are not protected because Lamar & Co. exceeded their authority. The policy of our law is to compel the purchaser to look to the title of what property he purchases, and, if he does not do so, he is not protected, if it is found that the one from whom he purchased has not authority to sell, and is not vested with title. The general rule is that the owner of property can follow his property into any place and recover it or its value. Where the mere possession of goods is *prima facie* right to transfer, is limited to cases where the goods placed by the owner in the hands of one whose business it is to sell goods of the same kind as agent. But, if the agent carries on another independent business, by which he may have possession of the goods, then his possession of the same does not *prima facie* give the right to transfer. Mechem on Agency, sections 786, 788; *Levy v. Booth*, 58 Md. 305;

42 Am. Rep. 332. "The doctrine of estoppel can not apply where the acts or omissions relied on as creating the estoppel have never been acted on by the party claiming the estoppel." *Maurice v. Sargent*, 18 Iowa, 90; *Tufts v. McClure*, 40 Iowa, 317. Acts subsequent to the transaction do not work an estoppel. *Gee v. Moss*, 68 Iowa, 318; *Oswold v. Hayes*, 42 Iowa, 104. Again, when one takes the property of another wrongfully, and sells it, not as an agent, but on his own account, mere silence on the part of the owner does not confirm the sale. The confirmation must rest upon some consideration. *Hamlin v. Sears*, 82 N. Y. 329; 31 Am. Rep. 546; 1 Am. and Eng. Encyclopedia of Law, page 431, note 1. When an agent has wrongfully sold his principal's property, on his own account, mere silence on the part of the owner does not confirm the sale, and, upon discovering the wrong, he is not required to make immediate effort to recover the property, and silence, short of the time prescribed by the statutes of limitation, will not bar his claim. *Hamlin v. Sears*, 82 N. Y. 329. Where the party making the contract had not the authority to contract for the third party, and did not profess at the time to act for him, the subsequent assent of said third party, to be bound as principal, has no operation. The ratification is without effect when the act is done by a person not professedly acting as agent of the party claimed as principal. *Workman v. Wright*, 33 Ohio St. 405; 31 Am. Rep. 546; Mechem on Agency, sec. 127.

ROBINSON, C. J.—In the year 1889 the plaintiff was engaged in business in Gilman, in the state of Illinois, and E. M. Lamar & Co. were doing business at George, in this state. In March of that year the plaintiff entered into an agreement in writing with Lamar & Co., by which the former agreed to furnish to the latter one thousand bushels of flax seed for the purpose of having it loaned to farmers for use as seed,

for the purpose of procuring the product of the seeding. Lamar & Co. were to loan the seed to farmers for the purpose stated only, for and in the name of the plaintiff, on terms specified in the agreement, taking notes to secure payments for the seed, and making contracts for the product thereof at the rate of twenty-five cents less than the Chicago prices for each bushel delivered to the agent of the plaintiff at George. Lamar & Co. were to keep an account of their transactions, on books of account which were to be furnished by and remain the property of the plaintiff, and to make reports to it when demanded. They were to ship to the plaintiff all the products of the loaned seed which they should receive, under the contracts with the farmers, and were not to loan, sell, or buy any flax seed during the continuance of the agreement for any one excepting the plaintiff, without its written consent. They were to receive as their only compensation for services rendered in performing the agreement on their part, the sum of five cents per bushel for the flax seed bought for and shipped to the plaintiff. The agreement also contained a paragraph in words as follows: "It is further mutually agreed that all seed purchased under the agreement is from the time of such purchase the sole and absolute property of the party of the first part (the plaintiff), and that the party of the second part (E. M. Lamar & Co.), has no right or interest in, or lien on, the same, save only for money they have actually advanced, and that so long as it remains in their actual possession they hold it only as the agent of the party of the first part." There was also a provision for the payment of a commission for purchasing seed not under contract, but it is not involved in this case.

In the latter part of the year 1889 Lamar & Co. purchased flax seed under that agreement with money furnished by the plaintiff. In November, 1889, they shipped to the defendants in Chicago two car loads of

flax seed, and drew on them for nearly the amount of its value. The flax seed was received by the defendants and sold, and the drafts were paid. The seed so received and sold was purchased by Lamar & Co. under their agreement with the plaintiff, with its money, and they had no lien upon it for any purpose. The defendants claim that they received and sold the seed only as brokers and commission merchants, acting for the shippers, and receiving a commission for their services, and that they did not purchase it on their own account. It appears that in December, 1888, they arranged with Lamar & Co. to furnish them two thousand dollars, for use in their grain and seed business, and the next year the amount was increased to three thousand dollars. Shipments were made by Lamar & Co. to the defendants to the amount of thirteen thousand dollars, and drafts to the amount of sixteen thousand dollars were drawn on them and paid, leaving a balance due from Lamar & Co. to the defendants of three thousand dollars. When the shipments in question were made, the drafts drawn against them were charged to Lamar & Co., and the proceeds of the shipments were credited to them.

I. The defendants contend that the agreement between the plaintiff and Lamar & Co. was in the nature of an extension of credit, and that

1. SALES: by agent of property belonging to principal: title of vendee.

the latter were charged with the cash advanced them, and received credit only when the flax seed was delivered in Gilman; that they were required to guaranty weights and quality, and that the plaintiff reserved the right to refuse any flax seed if the weights and quality were not satisfactory. The claims thus made are not supported by the evidence. It is true that Lamar & Co. guarantied the weights at Gilman, and that they were responsible for damages which should result from shipping inferior, dirty, or unmerchantable seed, but the

right to reject seed was not reserved to the plaintiff. On the contrary, the title to all seed purchased under the agreement vested in it at once, and the obligations in regard to weight and quality of seed placed upon Lamar & Co. were designed to secure a faithful performance of the agreement on their part, or to require them to make good the loss which should result from their failure to do so. The transfer of title did not depend upon any condition, and the transaction was not, in any sense, a conditional sale of property; and section 1922 of the Code, which requires sales, contracts, and leases wherein the transfer of title or ownership of personal property is made to depend upon any condition to be in writing and recorded, to be valid against certain creditors and purchasers without notice, has no application. See *Van Sandt v. Dows*, 63 Iowa, 594. The flax seed, when shipped to the defendants, belonged to the plaintiff, and Lamar & Co. had no authority to divest it of its title by selling the seed to others. It is said that for a time the plaintiff was unable to receive flax seed; that Lamar & Co. had filled their bins and were compelled to ship some of their contents away. But, if that be true, it gave them no right to ship in their own name, and sell it as their own.

II.   It is contended that the plaintiff is estopped to deny the right of Lamar & Co. to sell the seed, for the reason that it had given them the possession and control of it, and the apparent right to treat and dispose of it as their own. The plaintiff did not authorize Lamar & Co. to ship the flax seed to anyone but itself, and it did not know anything of the shipments until after they were made. If it is estopped to claim the seed, it is because Lamar & Co. were buying wheat and other grain, and selling it on their own account. But, in our opinion, that fact alone was insufficient to bind the plaintiff by selling the seed in question. "The mere possession of

chattels, by whatever means acquired, if there be no other evidence of property or authority to sell from the true owner, will not enable the possessor to give good title." *McNeil v. Tenth Nat. Bank*, 46 N. Y. 329; *Ballard v. Burgett*, 40 N. Y. 314; *McGoldrick v. Willits*, 52 N. Y. 617; *Barnard v. Campbell*, 55 N. Y. 462; *Sanders v. Keber*, 28 Ohio St. 640; *Osborn v. McClelland*, 43 Ohio St. 307, 1 N. E. Rep. 644; *Reed v. Upton*, 10 Pick. 522; *Coggill v. Hartford & N. H. Railroad Co.*, 3 Gray, 545; *Dunlap v. Gleason*, 16 Mich. 158; *Kohler v. Hayes*, 41 Cal. 455; Mechem on Agency, sec. 788; 1 Benjamin on Sales, sec. 437.

Some of the authorities cited refer especially to conditional sales, but are applicable to the question under consideration. The doctrine which they announce is applicable to cases where personal property has been delivered to a person who is engaged in the business of buying and selling such property. In *Levi v. Booth*, 58 Md. 305, it is said that, aside from statutory provisions regulating such matters, "it is very clear  *  *  * that the bare possession of goods by one, though he may happen to be a dealer in that class of goods, does not clothe him with power to dispose of the goods as though he were owner, or as having authority as agent to sell or pledge the goods, to the preclusion of the right of the real owner. If he sells as owner, there must be some other indicia of property than mere possession. There must  *  *  *  be some act or conduct on the part of the real owner whereby the party selling is clothed with the apparent ownership or authority to sell, and in which the real owner will not be heard to deny or question to the prejudice of an innocent third party dealing on the faith of such appearances." Following that rule, it was held, in effect, that a dealer in jewelry, who received a valuable diamond ring to obtain a match for it, or, failing in that, to get an offer for it, could not by a sale thereof to an innocent purchaser

divest the owner of his title.    In *Conable v. Lynch*, 45 Iowa,. 84, it was held that an agent who received a wagon and other property under a contract to retail them for his principal could not sell the wagon as his own to an innocent purchaser, and receive credit for its value on a debt owing to him by the agent.    See, also, *Baehr v. Clark*, 83 Iowa, 313; *Crooker v. Brown*, 40 Iowa, 144.

The case of *Wright v. E. M. Dickey Co.*, 83 Iowa, 464, relied upon by the defendants as being decisive of the question under consideration, is not in conflict with the conclusion we reach.    It appeared in that case that a landlord having a lien upon certain grain knew that his tenant was selling it, but was silent, when, by making known his lien, he would have prevented the sale to an innocent purchaser.    In this case, however, the plaintiff not only had no knowledge of the intention of its agents to sell, but had no reason to believe that they intended to do so.

III.    It is insisted that the plaintiff is estopped, by its conduct subsequent to the sale, to assert ownership of the flax seed, and that it has in effect 3. —: —: —. ratified the sale.    It appears, that some attempt was made by the plaintiff to obtain a settlement with Lamar & Co., and that it made no demand upon the defendants for the seed until this action was commenced.    There was no ratification of the sale, and the defendants have not been prejudiced in any manner by the delay of the plaintff in demanding the compensation it seeks to recover in this action.    It was justified in endeavoring to obtain redress from Lamar & Co. Having failed in that, under the circumstances we have stated, it is not estopped to assert its claim against the defendants.    We have stated the facts as the district court was authorized to find them.    With respect to some there was a conflict in the evidence, but the conclusion of the court is so far supported by the evidence

that it must be treated as conclusive. It rendered judgment in favor of the plaintiff for the value of the flax seed in dispute, with interest and costs. We find no cause to disturb that judgment, and it is, therefore, AFFIRMED.