(101 N. W. 900.)

---

GEORGE GUSSNER v. STEPHEN A. HAWKS.

Opinion filed November 23, 1904.

**Agent — Sale of Principal's Property.**

1. Personal property, bought by an agent for his principal, with the principal's money, cannot be sold to a third person, although an

innocent purchaser, so as to convey title thereto as against the principal, unless such principal has estopped himself by his act or conduct from asserting his ownership of such property.

**Depositions.**

2. A party to an action has no right to read excerpts or isolated portions of a deposition on the trial of an action.

Appeal from District Court, Emmons county, *Winchester, J.*

Action by George Gussner against Stephen A. Hawks. Judgment for defendant, and plaintiff appeals.

Reversed.

*F. H. Register* and *Newton & Dullam,* for appellant.

A portion of a deposition may be read. VanHorn v. Smith, 12 N. W. 789. When in the taking of a deposition of a witness the adverse party has appeared and cross-examined, he is entitled to the benefit of the deposition, and may read such portions of it as he chooses without being compelled to read the whole. Converse v. Meyer, 14 Neb. 190, 15 N. W. 340; Southwark Ins. Co. v. Knight, 6 Whar. Pa. 327; Geilatly v. Lowry, 6 Bosw. 13 (N. Y.); Calhoun v. Hayes, 8 Watts & S. 127.

The defendant on moving for a directed verdict admits in favor of the plaintiff every fact which the evidence submitted tended to show and all proper inferences therefrom of every fact and inference which the jury might find from the evidence submitted upon which the motion is based. Bohl v. City of Dell Rapids, 15 S. D. 619, 91 N. W. 315; Marshall v. Harney P. T. & M. M. Co. 1 S. D. 350, 47 N. W. 290; Sanford v. Duluth & Dak. Elevator Co. 2 N. D. 6, 48 N. W. 434; Warnken v. Langdon M. Co., 8 N. D. 243, 77 N. W. 1000.

Extraneous evidence is admissible to ascertain the circumstances under which a writing was made, and the subject matter to be regulated by it. Wilson v. Troup, 2 Cowen 229; Summer v. Williams, 8 Mass. 214; Fowle v. Bigelow, 10 Mass. 384; Whallon v. Kaufman, 19 Johns. 104; Prairie School Twp. v. Haseleau, 3 N. D. 328, 55 N. W. 938; Morris v. Railway Co. 21 Minn. 91; Burke v. Ray, 41 N. W. 240.

Where evidence is received without objection at the trial, no objection can be made on appeal. Warder et al. v. Ingli, 46 N. W. 181; Goode v. Smith 13 Cal. 81; Janson v. Brooks, 29 Cal. 214; Becker v. Becker, 45 Ia. 239; Hayne New Trials and Appeals, 398.

An agent or trustee may, even though wrongfully as to his principal or beneficiary, dispose of his principal's property to a stranger acting in good faith and without knowledge of the facts, or of facts imposing inquiry, and for value. But such stranger must be such in fact to the agent's duplicity, and act in entire good faith, or he becomes a confederate in the wrong and cannot be protected, and as to the one not acting in good faith, as the trust property may be traced through any changes in whomsoever hands it may have come, he having notice, or into whatever form it may have been changed, and recover. Dow et al. v. Berry et al., 18 Fed. 121; May v. LeClaire, 78 U. S. 217, 20 L. Ed. 50; 1 Am. & Eng. Enc. Law, 427; 27 Am. & Eng. Enc. Law, 250; 1 Am. & Eng. Enc. Law, (2d Ed.) 1172.

The doctrine is applied to implied as well as express trusts, to personal property as well as real. 12 Fed. 124.

Under proper instructions, the question of ownership and right to possession of the cattle in question, and of Hawk's knowledge of the plaintiff's interests and rights therein, should have been submitted to the jury. The questions of fact could not be decided adversely to the plaintiff by directing a verdict for the defendant. Drakely v. Dregg, 75 U. S. 242, 19 L. Ed. 409; Hickman v. Jones, 76 U. S. 197, 19 L. Ed. 551; Barney v. Schneider, 76 U. S. 248, 19 L. Ed. 648; Kelsey v. Oil Co., 45 N. Y. 505; Way v. R. R. Co., 35 Ia. 585.

Where the thing bailed is sold by the bailee, such act determines, ipso facto, the bailee's right of possession, and raises the right of the bailor to immediate possession, and he may maintain trespass, trover or replevin. Swift v. Mosley, 10 Vt. 208; Briggs v. Oakes, 26 Vt. 138; Briggs v. Bennett, 26 Vt. 146.

*H. A. Armstrong* and *Allen & Cochrane,* for respondent.

The intention of the parties reduced to writing must be obtained therefrom alone if possible. Harris v. State, 9 S. D. 453, 69 N. W. 825.

Under an executory contract, title cannot pass until delivery was made and all terms of said contract complied with. Nichols & Shepard Co. v. Paulson, 6 N. D. 400; 71 N. W. 136; Cook v. Logan, 7 Iowa, 141; 1 Par. on Con. 441; Story on Sales, section 286; Chitty on Con. (10th Am. Ed.) 396; Ober v. Carson, 62 Mo. 209; Addison on Con. (2d Am. Ed.) 225.

MORGAN, J. The plaintiff brought this action to recover possession of seventy head of cattle, of which he claims to be the absolute owner. The defendant, by his answer, denies the plaintiff's ownership, and alleges ownership in himself. Upon the conclusion of the taking of testimony on behalf of the plaintiff the court directed a verdict for the defendant upon his motion. After the denial of a motion for a new trial judgment of dismissal of the action was entered, and the plaintiff has appealed from such judgment. The assignments of error relate to the exclusion of offered testimony and to the granting of the motion to direct a verdict in defendant's favor. The facts out of which this action grew are as follows: On May 28, 1900, the plaintiff and one Robinson entered into a contract, under which Robinson was to buy some cattle for plaintiff. The evidence of said contract, in part, is the following memorandum, entered into at that time, and known as "Exhibit A":

"Bismarck, North Dakota, May 28, 1900.

"$900. Received of George Gussner the sum of nine hundred dollars as part payment on sixty-five or seventy yearling steers, good color, to cut out Jerseys and Holsteins. Cattle to be good grade; cost to be $17 or $18, delivered at Braddock, N. D.

"I. H. Robinson."

Soon after the payment to him of said $900, Robinson went to Canada to buy the cattle. While in Canada, he wrote Gussner, and advised him of the progress he was making in buying the cattle. At Minneapolis, on July 2d, he telegraphed Gussner that he would be at Braddock, N. D., on the following Thursday. Gussner met him at Braddock on that day to take charge of the cattle. The freight upon the cattle had not been paid, and Robinson told Gussner that the freight must be paid. Gussner tried to pay his pro rata share of it, but the agent would not receive what was due on the Gussner cattle, but demanded the payment of the freight on the whole shipment, which included some fifty-seven head of other cattle, which Robinson had bought for his brother-in-law. Robinson also insisted that Gussner should pay the freight on these other cattle. Robinson finally refused to deliver the cattle to Gussner unless he would pay $21 per head for them. While these differences were being talked over and settled, plaintiff came to Bismarck and remained several days. During this time Robinson sold and delivered the steers to the defendant, and plaintiff immediately brought this action to recover their possession. Prior to bringing this action plaintiff

tendered to Robinson $360, being the amount due Robinson from plaintiff upon the purchase price of seventy head of cattle at $18 per head.

This tender was refused.

Upon these facts it is insisted that the direction of a verdict was erroneous. In this contention we concur. Exhibit A is not definite as to the terms of the agreement between plaintiff and Robinson. It fairly appears from it and other evidence that Robinson was plaintiff's agent to purchase cattle for him with plaintiff's money, and that the money was intrusted to Robinson for that purpose, and that Robinson did actually purchase cattle for plaintiff with that money, and had the cattle at Braddock for the purpose of turning them over to the plaintiff as his property. The cattle were therefore held by Robinson in trust for the plaintiff, who was entitled to their possession upon payment to Robinson of any balance that might be due to him under their purchase price, pursuant to the contract between him and the plaintiff. Upon such payment of such sum plaintiff would become the absolute owner of the cattle. He could not be divested of such ownership without his consent, unless by his conduct he had estopped himself to assert his ownership thereof as against an innocent purchaser. Permitting Robinson to have the possession of the cattle for the purpose of delivery to plaintiff would not alone constitute an estoppel; nor would his failure to accept the property upon terms imposed by Robinson alone constitute such estoppel. The most that Robinson could insist on would be to hold the property until his lien for advances on the purchase of the property, if any, had been paid. Under the contract he could not dispose of the property by sale. The rule is stated to be as follows: "And if the trust property be other than money, the disposal thereof without authority may be disavowed and set aside by the owner, even if it has found its way into the hands of an innocent purchaser. And so, if the agent purchase property with the funds of his principal, it may be followed into the hands of a third person, though innocent, having no notice of the right of the principal, who purchases for value; for such third person can get no better title than has he from whom the third person derives it." Reinhard on Agency, section 388. See, also, Gilman Oil Co. v. Norton, 89 Iowa, 434, 56 N. W. 663, 48 Am. St. Rep. 400; Stevenson v. Kyle, 42 W. Va. 229, 24 S. E. 886, 57 Am. St. Rep. 854; Mechem

on Agency, section 437; Velsian v. Lewis, 15 Or. 539, 16 Pac. 631, and note in 3 Am. St. Rep. 184.

Plaintiff also assigns error on the court's refusal to permit a portion of Robinson's deposition to be read to the jury. The deposition was taken on defendant's application, and plaintiff appeared at the taking thereof, and cross-examined the witness. Plaintiff offered Robinson's answers to three questions in the deposition as given on cross-examination in evidence, and the offer was rejected. There was no error. in this ruling. The question was settled by this court in Bank v. Elevator Co., 11 N. D. 280, 91 N. W. 436. It was there held that a party cannot introduce mere excerpts or isolated parts of a deposition. See authorities there collected; also 13 Cyc. 983, and cases cited.

The judgment of the district court is reversed, and the case remanded for further proceedings. All concur.