## STULTS ET AL. *v.* MILTENBERGER ET AL.

[No. 21,894. Filed November 28, 1911.]

1. APPEAL.—*Sustaining Demurrer to Paragraph of Answer.—Facts Provable under Another.*—Sustaining a demurrer to a paragraph of answer constitutes harmless error, where the facts alleged therein are provable under another paragraph. p. 562.

2. SALES. — *Inadequacy of Price. — Title. — Possession.—Notice.—* The purchase of an automobile worth $350 for $23 is sufficient to charge the purchaser with notice of some defect in title. p. 564.

3. SALES.— *Title.— Defects.—Notice.—Mechanics' Liens.—Loans.—* The application of a dealer in possession of an automobile worth

$350 for a loan thereon for $23 with which to make repairs thereon is sufficient to cause suspicion and to lead to inquiry; and the taking of an affidavit of ownership, on making such loan, tends to confirm the suspicion. p. 564.

4. SALES.—*Agency.*—*Possession.*—Bare possession of goods does not constitute proof of an agency to sell them. p. 564.

From Allen Circuit Court; *E. O'Rourke,* Judge.

Action by Jacob D. Miltenberger and another against Sherman P. Stults and others. From a judgment for plaintiffs, defendants appeal. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*George W. Louttit,* for appellants.

*Walter L. Ball, A. E. Needham* and *William C. Ryan,* for appellees.

MYERS, J.—This is an action for the replevin of an automobile, begun before a justice of the peace, where a judgment was rendered for appellees. An appeal was taken to the Allen Circuit Court, where, by leave of court, two affirmative paragraphs of answer were filed in addition to a general denial. A demurrer was sustained to the second paragraph, and the cause went to trial on the first and third paragraphs, on which there was again a finding for appellees. Over a motion for a new trial judgment was rendered for appellees, from which appellants appeal, assigning error upon the action of the court in sustaining a demurrer to the second paragraph of answer, and overruling the motion for a new trial, based on the grounds that the finding of the court is contrary to law and is not sustained by sufficient evidence.

It will not be necessary to examine the question of the ruling upon the demurrer to the second paragraph of answer, as all the evidence admissible under it, was admissible and given under the general denial, under which appellants were entitled to introduce any evidence to show want of title, or right of possession in appellees. *Landwerlen* v. *Wheeler* (1886), 106 Ind. 523, 528;

*Williams* v. *Kessler* (1882), 82 Ind. 183; *Branch* v. *Wiseman* (1875), 51 Ind. 1; *Thompson* v. *Sweetser* (1873), 43 Ind. 312; *Davis* v. *Warfield* (1872), 38 Ind. 461.

The undisputed evidence is that appellees, who lived at Muncie, Indiana, were the owners of an automobile, somewhat out of repair, but of the value of $350. One France was in the business of selling automobiles at Fort Wayne, Indiana, and appellees delivered the car to him, with authority to sell it, provided he obtained $350 net to them, but with no authority to repair, or to incur expense for repairs. Appellants were in the business of making loans on chattels and salary securities. Their manager, who transacted the business, when called as a witness for appellees, testified that France obtained, at different times, loans aggregating $50, and that when he asked for the first loan of $21 he claimed that it was to repair the machine, which was his, and that he had a customer for the car, but could not sell it in its then condition, and he offered to give a mortgage on the car. Appellants refused to make the loan, but examined the machine, and offered to buy it for $23, and took a formal bill of sale of it, accompanied by an affidavit by France that he was the sole owner of the machine, and that it was unencumbered. The alleged bill of sale was an unconditional one, for the price of $23. Appellants had no notice or knowledge that France was not the owner. They afterwards gave France money on two occasions, and part of it was used to repair the machine. From the time the first money was advanced, until the last advancement, the car remained where it was when France got the first advancement, but after the last advancement (the dates and amounts not being shown) the car was taken to another place, by appellants' direction.

On cross-examination the witness admitted that the bill of sale was taken for the purpose of securing a loan, not only for the $23, but for the sums later advanced.

There is some conflict in the evidence as to whether the

witness, when he was informed by appellees that the car was theirs, and its possession demanded, claimed that he had a bill of sale for the car, or had bought it, but he testified that he said that if appellees would pay him $50 and a commission they could have the car.

Appellees' evidence tends to show that said witness claimed to have loaned only $50 on the car. The evidence of appellants also shows that after they advanced to France the $50, they had an agreement with him that he should sell the machine, pay them back the $50, and give them a commission, as they put it, equal to half the amount received for the machine above $50.

Appellees never repaid nor offered to repay the $50 claimed to have been advanced to France by appellants. No inquiry was made as to who France was, or as to how he obtained the car. He was a stranger to appellants. Upon this state of the evidence, the court found for appellees, and rendered judgment accordingly. Appellants claim to have purchased a car of the character of the one in controversy for $23. The price was so unreasonably low as to put them on their guard, as was also the request to borrow money to repair the car; for they were bound to know that the car would be liable to a mechanic's lien for its repair, and that there was no necessity for borrowing on that account. His applying for a loan for that purpose was calculated to arouse suspicion, and lead to inquiry, but none was made. Appellants contented themselves with taking an affidavit from France as to his ownership, rather indicating reliance on that fact, as a possible leverage upon him.

No agency was disclosed, so as to put appellants upon their guard, or upon inquiry as to the particular authority of France. The only apparent authority France had was bare possession, and authority to sell does not arise from that fact, unaccompanied by other *indicia* of title, for if that were not the rule, one would get a good

title from a finder, or a thief. *Kiefer* v. *Klinsick* (1896), 144 Ind. 46; *McGirr* v. *Sell* (1877), 60 Ind. 249; *Evansville, etc., R. Co.* v. *Erwin* (1882), 84 Ind. 457; *Babcock* v. *Orbison* (1865), 25 Ind. 75; *McNeil* v. *Tenth Nat. Bank* (1871), 46 N. Y. 325, 7 Am. Rep. 341; *Barnard* v. *Campbell* (1874), 55 N. Y. 456, 14 Am. Rep. 289; *Barnard* v. *Campbell* (1874), 58 N. Y. 73, 17 Am. Rep. 208; *Warder, Bushnell & Glessner Co.* v. *Rublee* (1889), 42 Minn. 23, 43 N. W. 569; *Woods* v. *Nichols* (1900), 21 R. I. 537, 45 Atl. 548, 48 L. R. A. 773; *Covill* v. *Hill & Sanford* (1847), 4 Denio *323; *Saltus* v. *Everell* (1838), 20 Wend. 267, 32 Am. Dec. 541; *Cole* v. *Northwestern Bank* (1875), L. R. 10 C. P. 354; *Johnson* v. *Credit Lyonnais* (1877), 2 C. P. D. 224; *Baker* v. *Taylor* (1893), 54 Minn. 71, 55 N. W. 823; *Velsaian* v. *Lewis* (1888), 15 Or. 539, 16 Pac. 631, 3 Am. St. 184; *Leigh Bros.* v. *Mobile, etc., R. Co.* (1877), 58 Ala. 165, 178; *Goodell* v. *Fairbrother* (1878), 12 R. I. 233, 34 Am. Rep. 631; *Jetton* v. *Tobey* (1896), 62 Ark. 84, 34 S. W. 531.

France was not a general dealer, though it has been held that possession of a general dealer of the class of goods in question is not sufficient. *Gilman Oil Co.* v. *Norton* (1893), 89 Iowa 434, 56 N. W. 663, 48 Am. St. 400; *Levi* v. *Booth* (1882), 58 Md. 305, 42 Am. Rep. 332; *Biggs* v. *Evans,* [1893] 1 L. R. Q. B. 88; *Wilkinson* v. *King* (1809), 2 Campb. 335.

As there was no question of agency, so far as appellants were concerned, the case stands on the sole question of the apparent authority to sell arising from bare possession. In view of the law, the judgment of the court below must be affirmed, and it is so ordered.