# BOWEN v. DURANT.

(140 N. W. 728.)

**Depositions — trial — reading — portions — issue — material — competent — relevant.**

1. While mere excerpt or fragmentary and isolated portions of a deposition may not be singled out and read, but the entire portion thereof bearing upon the issue sought to be proved must be introduced, if any is offered, it is held that a party is not obliged to offer the entire deposition, but may read in evidence such portion thereof as is competent, relevant, and material to the issue which he seeks to establish.

Note.—That plaintiff may introduce the remaining parts of a deposition which are relevant and competent when defendant calls out and introduces certain portions of it is declared in Walter v. Sperry, 86 Conn. 474, 44 L.R.A.(N.S.) 28, 85 Atl. 739.

Entire deposition — trial court — discretion — abuse — deposition — reading parts — nonpayment.

2. Although discretionary with the court to require the entire deposition to be offered, instead of a portion thereof, such discretion is not absolute, and it is held, under the facts in the case at bar, that it was an abuse of discretion to refuse plaintiff's request to read the portion of the deposition relating to the issue of nonpayment by defendant of plaintiff's claim.

Opinion filed March 18, 1913.

Appeal from District Court, Ramsey County; *Frank Fisk,* Special J. Appeal from an order denying a motion for a new trial.

Reversed.

*Flynn & Traynor,* for appellant.

Payment is a matter of defense, and must be pleaded and proved. Cochran v. Reich, 91 Hun, 440, 36 N. Y. Supp. 233; 30 Cyc. 1264–1272; Dry Dock E. B. & B. R. Co. v. North & East River R. Co. 3 Misc. 61, 22 N. Y. Supp. 556; Crawford v. Tyng, 10 Misc. 143, 30 N. Y. Supp. 907; Hummel v. Moore, 25 Fed. 380; Baldwin v. Clock, 68 Mich. 201, 35 N. W. 904; Bannister v. Wallace, 14 Tex. Civ. App. 452, 37 S. W. 250; Pierce v. Hower, 142 Ind. 626, 42 N. E. 223; Barker v. Wheeler, 62 Neb. 150, 87 N. W. 20; Second Nat. Bank v. First Nat. Bank, 8 N. D. 50, 76 N. W. 504.

The duty of alleging and proving payment is on the defendant, where such defense is relied upon. Satterlund v. Beal, 12 N. D. 122, 95 N. W. 518; Clark v. Mullen, 16 Neb. 481, 20 N. W. 642; Clark v. Wick, 25 Or. 446, 36 Pac. 165; Farnham v. Murch, 36 Minn. 328, 31 N. W. 453; Stewart v. Budd, 7 Mont. 573, 19 Pac. 221.

A party may introduce and read that part, or those distinct portions of a deposition material and relevant to the issue before the court. First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280, 91 N. W. 440; Gussner v. Hawks, 13 N. D. 453, 101 N. W. 898; 13 Cyc. 985; 13 Current Law, 1303; Crotty v. Chicago, G. W. R. Co. 95 C. C. A. 91, 169 Fed. 593; 15 Current Law, 1369; Central Coal & Coke Co. v. Penny, 97 C. C. A. 600, 173 Fed. 340.

No appearance for respondent.

FISK, J. Action to recover a balance claimed to be due plaintiff

from defendant as the purchase price of certain personal property sold and delivered by plaintiff to defendant in September, 1910. Defendant prevailed in the district court, a verdict having been directed in his favor. From an order denying plaintiff's motion for a new trial, he appeals.

The assignments of error challenge the rulings of the trial court in sustaining defendant's objection to plaintiff's offer to read in evidence a certain portion of a deposition, and in directing a verdict as aforesaid. Also in denying the plaintiff's motion for a new trial.

We deem it necessary to consider but one question on this appeal; namely, whether it was error to deny. plaintiff's offer to read a portion of the deposition of the plaintiff in evidence. We are agreed that such ruling constituted prejudicial error, necessitating a new trial. The trial court ruled that it was incumbent upon plaintiff, in order to make out a prima facie case, to prove nonpayment by defendant of such balance of the purchase price. Whether such ruling was correct, we need not here determine, for, conceding for the purposes of this case the correctness of such ruling, it was manifestly a clear abuse of discretion, if not a palpable error, to exclude the portion of the deposition offered by plaintiff. The portion which plaintiff thus offered to read was not a mere excerpt thereof, but such offer embraced practically all of the deposition relating to the subject of nonpayment by defendant of the balance of the purchase price claimed to be due and owing to plaintiff, and there is nothing whatever in the remainder of the deposition which tends in the least to qualify or detract from the testimony which plaintiff offered to read in evidence. In fact, aside from the question and answer, "Has he ever paid you since, anything on this? No, sir, only except the $21," the portion not offered is immaterial and irrelevant.

Subject to the court's discretion to otherwise order it is well settled that a party is not obliged to offer the entire deposition, but may read in evidence such portion thereof as is competent, relevant, and material to the issue which he seeks to establish. It is, of course, equally well settled that mere excerpts or fragmentary and isolated portions may not be singled out and read, but the entire portion bearing upon the issue sought to be proved must be read, if any is offered. First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280, 91 N. W. 436;

Gussner v. Hawks, 13 N. D. 453, 101 N. W. 898; 13 Cyc. 985 and cases cited; 13 Current Law, 1303; 15 Id. 1369; Central Coal & Coke Co. v. Penny, 97 C. C. A. 600, 173 Fed. 340.

Although discretionary with the court to require the entire deposition to be offered, such discretion is not absolute, and we are agreed that, under the facts disclosed by this record, the ruling complained of was an abuse of discretion.

The order appealed from is accordingly reversed and the cause remanded for a new trial.