(March 3, 1922.)

JOE BRESSAN, Special Administrator of the Estate of
    STEVE · BRESSAN, Deceased, Respondent, v. FRED
    HERRICK, Doing Business as the EXPORT LUMBER
    CO., Appellant.

[205 Pac. 555.]

ACTION FOR PERSONAL INJURIES—JURORS—CONNECTION WITH CASUALTY
    INSURANCE COMPANY—VOIR DIRE EXAMINATION—MASTER AND SER-
    VANT — ASSUMPTION OF RISK — ORDINARY RISK — EXTRAORDINARY
    RISK — WHEN QUESTION FOR COURT AND WHEN FOR JURY — CON-
    TRIBUTORY NEGLIGENCE—WHEN QUESTION FOR COURT AND WHEN
    FOR JURY—NONSUIT—DIRECTED VERDICT—OFFER OF DEPOSITION AS
    A WHOLE—REJECTION AS A WHOLE—PART ADMISSIBLE—PART IN-
    ADMISSIBLE.

1.  Rule of *Wilson v. St. Joe Boom Co.*, 34 Ida. 253, 200 Pac.
884, as to examination of jurors on *voir dire* examination affirmed
and applied.

2.  The question of assumption of risk is generally one of fact
for the jury, and becomes one of law only when the evidence is
reasonably susceptible of no other interpretation than that the in-
jured party assumed the risk, which, in the case of a risk arising
out of the employer's negligence, would mean that the servant both
knew the facts and appreciated the danger.

3.  Rule of *Testo v. Oregon-W. R. & N. Co.*, 34 Ida. 765, 203
Pac. 1065, as to when contributory negligence is and is not a
question of fact for the jury, affirmed and applied.

4.  When a deposition and attached exhibit are offered as a
whole, and objected to as a whole, a ruling sustaining that objec-
tion is not error if the deposition and exhibit contained matter
that was inadmissible.

5.  To predicate error in such case the party making the offer
must offer that part which is admissible, excluding the part which
is inadmissible.

APPEAL from the District Court of the Eighth Judicial
District, for Kootenai County. Hon. Robert N. Dunn,
Judge.

Action for personal injuries through negligence of defendant. From a judgment for plaintiff and from an order denying motion for a new trial, defendant appeals. *Affirmed.*

Ralph S. Nelson and Robt. H. Elder, for Appellant.

Plaintiff's counsel was guilty of misconduct in bringing before the jury the question of insurance company. (*Steve v. Bonners Ferry Lumber Co.,* 13 Ida. 398, 92 Pac. 363; *Cameron v. Pacific Lime & Gypsum Co.,* 73 Or. 510, Ann. Cas. 1916E, 769, 144 Pac. 446; *Tuohy v. Columbia Steel Co.,* 61 Or. 527, 122 Pac. 36; *Putnam v. Pacific Monthly Co.* (Or.), Ann. Cas. 1915C, 256, 130 Pac. 986.)

The plaintiff assumed the risk of the injuries received. (*Fontaine v. Johnson Lumber Co.,* 76 N. H. 163, 80 Atl. 338; *De Souza v. Stafford Mills,* 155 Mass. 476, 30 N. E. 81; *Ely v. San Antonio R. Co.,* 15 Tex. Civ. 511, 40 S. W. 174; *Connelly v. Hamilton Woolen Co.,* 163 Mass. 156, 39 N. E. 787; *Stuart v. West End Street Co.,* 163 Mass. 391, 40 N. E. 180; Labatt's Master & Servant, sec. 1191; *Appel v. Buffalo etc. Ry. Co.,* 111 N. Y. 553, 19 N. E. 93; *Scharenbroich v. St. Cloud Fibre-Ware Co.,* 59 Minn. 116, 60 N. W. 1093.)

The plaintiff was guilty of contributory negligence. (*Atlas Engine Works v. Randall,* 100 Ind. 293, 50 Am. Rep. 798; *Carlson v. Sioux Falls Water Co.,* 5 S. D. 402, 59 N. W. 217; *Olson v. McMullan,* 34 Minn. 94, 24 N. W. 318; Bailey's Master and Servant, p. 165; *Osborne v. Lehigh Valley Coal Co.,* 97 Wis. 27, 71 N. W. 815.)

E. R. Whitla, for Respondent.

There was no misconduct of plaintiff's counsel or prejudicing of jurors by questions indicating insurance company was defending the case. (*Swift & Co. v. Platte,* 68 Kan. 1, 74 Pac. 635; *Spoonick v. Backus-Brooks Co.,* 89 Minn. 354, 94 N. W. 1079; *Grant v. National Ry. Springs Co.,* 100 App. Div. 234, 91 N. Y. Supp. 805; *Cripple Creek Min. Co. v. Brabant,* 37 Colo. 423, 87 Pac. 794; *M. O'Connor Co. v.*

*Gillaspy,* 170 Ind. 428, 83 N. E. 738; *Saller v. Friedman Bros. Shoe Co.,* 130 Mo. App. 712, 109 S. W. 794; *Girard v. Grosvenordale Co.,* 82 Conn. 271, 73 Atl. 747; *Kenny v. Marquette C. Mfg. Co.,* 243 Ill. 396, 90 N. E. 724; *Odell v. Genessee Const. Co.,* 129 N. Y. Supp. 122.)

The action of the court in refusing to admit the statement made to the attending physician was proper. (*Brayman v. Russell & Pugh Lumber Co.,* 31 Ida. 140, 169 Pac. 932; *Jones v. City of Caldwell,* 23 Ida. 467, 130 Pac. 995; *McRae v. Erickson,* 1 Cal. App. 326, 82 Pac. 209.)

Assumption of risk is always a question for the jury. (*Rase v. Minneapolis, St. P. & S. S. M. Ry. Co.,* 107 Minn. 260, 120 N. W. 360, 21 L. R. A., N. S., 138; *Fitzgerald v. Conn. River Paper Co.,* 155 Mass. 155, 31 Am. St. 537, 29 N. E. 464; *Chotaw O. & G. R. Co. v. McDade,* 191 U. S. 63, 24 Sup. Ct. 24, 48 L. ed. 96; *Jones v. E. Tennessee, V. & G. R. Co.,* 128 U. S. 443, 9 Sup. Ct. 118, 32 L. ed. 478; *Cox v. Capital Box Co.,* 47 Wash. 148, 91 Pac. 555; *Busch v. Robinson,* 46 Or. 539, 81 Pac. 237; *Swanstrom v. Frost,* 26 Ida. 79, 140 Pac. 1105; *Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9.)

Contributory negligence is always a question for the jury. (*Chopin v. Combined Locks Paper Co.,* 134 Wis. 35, 114 N. W. 95; *Rase v. Minneapolis, St. P. & S. S. M. Ry. Co., supra; Donovan v. Boise City,* 31 Ida. 324, 171 Pac. 670; *Miller v. Kimberly & Clark Co.,* 137 Wis. 138, 118 N. W. 536; *Tucker v. Palmberg,* 28 Ida. 693, 155 Pac. 981.)

McCARTHY, J.—This is an action for negligence. The original respondent, Steve Bressan, died subsequent to the judgment and will be referred to in this opinion as the deceased. His administrator, the present respondent, was substituted.

About July 7, 1916, Steve Bressan was employed by the appellant to work on the ground floor of his sawmill as a clean-up man. The work consisted of sweeping up the sawdust and shoveling the bark and debris into the conveyor which carried the same to the burner. On the floor were

various pulleys, belts, conveyor chains, and chutes, transmission shafts and other machinery which propelled the saws and machinery on the floor above. Deceased was injured by being caught on the conveyor chain which ran lengthwise of the lower floor and carried to the burner the sawdust and debris coming from the floor above.

Deceased had been engaged in this work about six weeks when the accident happened. The conveyor chain on which he was injured is an endless chain composed of large links about a foot square, which travels at a speed equivalent to a slow walk. It starts at the head or north end of the ground floor at an elevation of a foot or so above the floor and runs through a trough to the tail end of the mill on a gradual upward slope, at which point it passes under an idler stationed on the floor. The idler is a large iron wheel about twenty-four inches in diameter and about two feet wide. From the sprocket wheel near the ceiling down to the idler the conveyor chain was not covered, but left open, to allow the slack in the chain to work and also to permit repair when needed.

While at work, back of the idler and under the chute, the deceased got against the chain and one foot was caught in the chain, which pulled his leg under the idler and injured him severely.

The deceased alleged and contended this appellant did not provide him a reasonably safe place in which to work, the alleged negligence being the failure to guard or protect the conveyor chain at the point in question. He testified that blocks had in the past jumped out of the chute, that he heard a loud noise caused by the falling of blocks into the chute, and, fearing they might fall out and on him, he stepped back, and in so doing was caught by the uncovered chain.

The answer denied any negligence on appellant's part. Appellant contends that the failure to cover the chain was not negligence. The evidence is conflicting as to whether or not reasonable care requires that such a chain be covered

at the point in question. Appellant also alleged that the danger, if any, entailed by the uncovered chain, was an ordinary risk of the employment, and assumed by deceased; also that he was clearly guilty of contributory negligence. Appellant contends that the evidence clearly shows that the deceased was trying to step over the chain, instead of adopting the safe method of stepping around it.

Appellant made motions for nonsuit and for a directed verdict in his favor. From a judgment, based on the jury's verdict for $5,000 in favor of deceased, and an order denying a motion for a new trial, this appeal is taken.

The first specification of error which we will mention is that the court erred on *voir dire* in permitting respondent's counsel to ask certain jurors as to whether they had had any connection or relation with surety or casualty companies.

"In a suit for personal injuries, evidence that the defendant carries casualty insurance is incompetent and immaterial; but counsel for plaintiff may be permitted on the *voir dire* examination to ascertain whether the jurors have any interest in the result of the litigation, although this may show such juror's connection with a casualty company, so long as the privilege is not abused or used as a subterfuge to communicate improper matter to the jurors." (*Wilson v. St. Joe Boom Co.*, 34 Ida. 253, 200 Pac. 884.)

Under the above ruling, no error appears in this record.

We will next consider the specification of error that the court should have sustained the motion for a nonsuit, or at least the motion for a directed verdict for appellant. Appellant contends both should have been sustained, because, first, the evidence shows as matter of law that deceased assumed the risk of any danger entailed by the conveyor chain, and second, it shows as matter of law that deceased was guilty of contributory negligence.

"A servant or employee, in accepting a service or employment, assumes the risk incident to such employment only when the employer furnishes a reasonably safe place

and reasonably safe machinery and appliances with which to perform his work. A risk which arises from the use of defective machinery or appliances is not a risk incident to the employment." (*Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9; 3 Labatt's Master and Servant, 2d ed., sec. 894.) A risk arising from the master's failure to provide a reasonably safe place and machinery is not an ordinary risk, but an extraordinary one, and is not assumed by the servant unless it is clearly shown that he both knew the facts out of which the risk arose and appreciated the danger. (3 Labatt's Master and Servant, 2d ed., secs. 1186a, 1190.) The question of assumption of risk is generally one of fact for the jury and becomes one of law only when the evidence is reasonably susceptible of no other interpretation than that the injured party assumed the risk, which, in the case of a risk arising out of the employer's negligence, would mean that the servant both knew the facts and appreciated the danger. Under the evidence in this case the question was one of fact and as such was properly submitted to the jury. Contributory negligence is generally a question of fact for the jury.

"Contributory negligence is generally a question of fact for the jury and only becomes one of law when the evidence is reasonably susceptible of no other interpretation than that the conduct of the injured party contributed to his injury, and that, because of his negligence and carelessness, he did not act as a reasonably prudent person would have acted under the circumstances." (*Testo v. Oregon-W. R. & N. Co.,* 34 Ida. 765, 203 Pac. 1065; *Smith v. Oregon Short Line R. R. Co.,* 32 Ida. 695, 187 Pac. 539.) Applying this rule to the evidence in this case, the question was clearly one for the jury.

We conclude that the trial court did not err in denying appellant's motions for nonsuit and for a directed verdict.

Appellant also specifies as error the refusal of the trial court to admit in evidence the deposition of one Dr. Didier. At the time this was offered it had already developed in

evidence that the doctor was employed by appellant to care for men in his employ who might become sick or injured, under an arrangement by which the men, including the deceased, paid appellant one dollar a month and were entitled to such services when needed. At the time the deposition was offered the following took place:

"Witness excused.

"(Nelson.) I offer in evidence the deposition of Dr. Didier.

"(Whitla.) Objected to. I object to the deposition as having been given by the doctor who attended this man, and it is absolutely barred by the provisions of the statutes of this state.

"(The Court.) The objection is well taken, I think, as to matters that are covered by the statutory provision in regard to physicians and surgeons.

"(Whitla.) I would like to present the law and an argument.

"(The Court.) I don't think the case requires an argument. The statute expressly prohibits, or forbids, a physician or surgeon from testifying to certain matters.

"(Nelson.) This doctor don't testify to any conversation between this man and him.

"(The Court.) It is not a question of whether it is a conversation. It is information that he obtained by virtue of his relation to the party.

"(Nelson.) Not at all. He took down the conversation between Mr. Goodwin and this man.

"(The Court.) I don't think a physician can do that.

"(Nelson.) I offer the deposition and offer to read it.

"(Whitla.) I make the further objection that there is no showing that Dr. Didier is not within the reach of the court.

"(The Court.) I will sustain the objection to the deposition.

"(Nelson.) I offer in evidence the deposition of Dr. Didier, together with the certificate of Charles L. Lyons,

Notary Public, attached to it, together with the Exhibit 'A,' attached to the deposition, together with notice of taking deposition, stipulation for taking of deposition, and all the plaintiff's written notations, and seal on the exhibit as they may appear, it being the deposition of Dr. Didier taken under notice.

"(Whitla.) I make the same objection.

"(The Court.) I have ruled twice on it and I will rule again.

"(Nelson.) On what ground?

"(The Court.) On all the ground stated.

"(Nelson.) I did not get the ground.

"(The Court.) They are stated in Mr. Whitla's original objection.

"Exception."

We are of the opinion that part of the evidence contained in the deposition was clearly inadmissible. Shortly after deceased was injured, appellant's foreman talked with him as to how it occurred. Dr. Didier was present and, being a stenographer, took down the conversation in shorthand. What the deceased said would be relevant and material and therefore admissible, if proved in a competent manner. In his deposition the doctor said that he had lost his notes and offered what he said was a copy of a transcript of them. He did not pretend to testify of his own recollection what deceased said; he did not even testify that his stenographic notes or the typewritten transcript were a correct representation of what deceased said. On the taking of the deposition an objection was made as to this transcript on the ground that it was incompetent and not the best evidence, as well as on the ground that it was privileged information. The former objection was clearly good. It is not necessary for us to decide whether the latter objection was good as to this part of the deposition, and we do not do so. The transcript is attached to the deposition as exhibit "A" and was offered with it. The transcript is the only part of the doctor's deposition which throws any light on what

deceased said at that time.   In the deposition the doctor also
testified as to a conversation with the deceased some months
later, after he had been treated in another hospital and by
another physician at Spokane, and had returned to Harri-
son.   If the relation of physician and patient had ceased to
exist at the time of this conversation it is clear that any
information obtained by the doctor would not be privileged.
(C. S. 7937, subd. 4.)   Respondent contends that the rela-
tion of physician and patient still obtained.   There is room
for grave doubt about this.   The best that can be said is
that the question of whether the testimony in the deposition
as to the later conversation was inadmissible on the ground
of privileged information is a very close and doubtful one.
However, it is not necessary for us to pass upon that ques-
tion.   A good part of the testimony contained in the depo-
sition, and the exhibit which was offered with it, were inad-
missible for reasons given above.   The deposition and the
exhibit were offered as a whole.   The objection was made
to them as a whole and was so sustained.   Where an offer
to prove by a certain witness contains matter which is
clearly incompetent, it is not error to reject it, although
part of the matter embraced in the offer is competent.
(*Stickney v. Hughes,* 12 Wyo. 397, 75 Pac. 945; *Bostwick
v. Mahoney,* 73 Cal. 238, 14 Pac. 832; *Hidy v. Murray,*
101 Iowa, 65, 69 N. W. 1138; *Graham v. Graham,* 84 Minn.
325, 87 N. W. 923; *First Nat. Bank v. North,* 2 S. D. 480,
51 N. W. 96; *Crotty v. Chicago Great Western Ry.,* 169 Fed.
593, 95 C. C. A. 91; *Bowen v. Durant,* 25 N. D. 11, 140
N. W. 728.)   The court is not bound to separate the com-
petent part from the incompetent and admit such part as is
competent.   (*Stickney v. Hughes, supra.*)   It is the busi-
ness of counsel making the offer to offer separately that part
which is competent.   The above rule applies to a deposi-
tion as well as to an offer of oral testimony.   (*Crutcher
v. Memphis etc. R. Co.,* 38 Ala. 579; *Hiscox v. Hendree,*
27 Ala. 216.)   The ruling of the court was addressed to the
offer of the deposition as a whole.   Counsel did not offer

35 Idaho—15

any separate part of .it. There is nothing in the ruling of the court which prevented him from offering any part of the deposition which might be admissible. As the deposition was offered and rejected as a whole and contained matter which was clearly inadmissible, we conclude that the action of the court in sustaining the objection was not error.

Other specifications of error set forth and argued in the briefs and on the oral argument and not specifically mentioned in this opinion are in our judgment not well taken. The judgment is affirmed, with costs to respondent.

Rice, C. J., and Lee, J., concur.

Budge, J., concurs in the conclusions reached.

Dunn, J., being disqualified, did not sit at the hearing and took no part in this opinion.